Marshall Lee **CONRAD** and Colleen M. Conrad, Appellants/Respondents,

v.

**COUNSELLORS INVESTMENT CO.,** a partnership; Brain J. Brundin; Bill Lawrence; Marcus R. Clapp; Jerry E. Melcher; and James M. Powell, Appellees/Petitioners.

**No. S–1996/2102.**

Supreme Court of Alaska.

Feb. 26, 1988.

---

Barry Donnellan, Fairbanks, for appellants/respondents.

Timothy R. Byrnes, James M. Gorski, Hughes, Thorsness, Gantz, Powell, and Brundin, Anchorage, for appellees/petitioners.

Before MATTHEWS, C.J., and RABINOWITZ, COMPTON and MOORE, JJ.

## OPINION

COMPTON, Justice.

This appeal presents two questions. The first question is whether secured creditors agreed to limit their remedy to nonjudicial foreclosure of their security. The second is whether the creditors' subsequent claim for judicial foreclosure of that security is

1. Counsellors is a general partnership. The partners are Brian Brundin, Bill Lawrence,

precluded by the judgment in a prior suit on the note.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Counsellors Investment Co. (Counsellors)[1] purchased commercial property in Fairbanks from Marshall Lee Conrad and Colleen M. Conrad. In partial payment for the property, Counsellors gave the Conrads a note secured by a second deed of trust.

Counsellors eventually stopped making payments on the note and offered to reconvey the property to the Conrads in satisfaction of the debt. The Conrads declined the offer and sued Counsellors and its partners for a personal judgment on the note (*Conrad I*).

The superior court entered summary judgment for Counsellors on the ground that the Conrads' "remedy under their note and deed of trust is that provided in Paragraph B6 of the deed of trust and in AS 34.20.070–.135, and that [the Conrads] may not maintain a suit on the promissory note alone;" in other words, the Conrads' remedy was limited to nonjudicial foreclosure of the security. Since the judgment form submitted by Counsellors was not consistent with some of the court's oral conclusions, the Conrads moved to amend the judgment to clarify whether they had the right to foreclose judicially. The court denied the motion and entered an order prohibiting the Conrads from exercising "any remedy inconsistent with the deed of trust." However, the court struck language in the proposed order which expressly precluded an action for judicial foreclosure.

The Conrads appealed the judgment in *Conrad I* and filed a complaint for judicial foreclosure and a deficiency judgment (*Conrad II*). Counsellors moved to dismiss the complaint, arguing that the Conrads' claim for judicial foreclosure was barred by the judgment in *Conrad I*. The superior court denied the motion to dismiss because "the question of judicial foreclosure was not before the court in the

Marcus Clapp, Jerry Melcher and James Powell.

[prior] action" and "the right of the Conrads to maintain this action for judicial foreclosure of a deed of trust is granted by AS 09.45.170." Counsellors petitioned for review. We granted review and consolidated the cases for appeal.

## II. CONRAD I: DID THE CREDITORS AGREE TO LIMIT THEIR REMEDY TO NONJUDICIAL FORECLOSURE OF THE SECURITY?

The Conrads argue that they have the right initially to ignore their security and sue on the note, or to file a complaint for judicial foreclosure. Counsellors does not dispute that a secured creditor generally has that option; however, it contends that the deed of trust expressly limits the Conrads' remedy to nonjudicial foreclosure.

■ In *Moening v. Alaska Mutual Bank,* 751 P.2d 5, 8 (Alaska 1988), we held that absent an agreement to the contrary, a secured creditor has the option whether to sue on the note or foreclose the security. If the creditor sues on the note and obtains a personal judgment which is returned unsatisfied, the creditor may then foreclose the security. *Id.;* AS 09.45.200.[2] In determining whether the parties agreed to limit the creditor's remedies, the note and trust deed are construed together and interpreted to carry out the reasonable expectations of the parties. 751 P.2d at 8.

■ The deed of trust note here in issue states that Counsellors "promise(s) to pay" the Conrads the loan amount. In the event of default, the Conrads may at once declare the entire debt due and payable. The note does not indicate that Counsellors is not liable for payment; therefore, the Conrads

are entitled to sue on the note or foreclose judicially unless the deed of trust provides otherwise.

■ Counsellors argue that Paragraph B6 of the deed of trust limits the Conrads' remedy to nonjudicial foreclosure:

Upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, all sums secured hereby shall immediately become due and payable at the option of the Beneficiary. In the event of default Beneficiary *shall* execute or cause the Trustee to execute a written notice of such default and of his *election* to cause to be sold the herein described property to satisfy the obligation hereof, and shall cause such notice to be recorded in the office of the recorder of each recording precinct wherein said real property of [sic] some part thereof is situated.

(Emphasis added). Counsellors reasons that the language "Beneficiary *shall* execute" must be construed as a limitation on the Conrads' right to do anything else.[3] However, we believe that the only logical interpretation of this language requires the Conrads to execute the notice only after they have "elected" the remedy of nonjudicial foreclosure. The Conrads are entitled to exercise any other remedies permitted by law.

■ We conclude that the deed of trust does not limit the Conrads to the remedy of nonjudicial foreclosure. The trust deed does not expressly preclude a suit on the note. The fact that a creditor may foreclose nonjudicially does not imply that it may not foreclose judicially.[4] Because the

2. AS 09.45.200 provides:
   During or after the pendency of an action for the recovery of a debt secured by a lien mentioned in AS 09.45.170, an action cannot be maintained for the foreclosure of the lien unless judgment is given in that action that the plaintiff recover the debt or a part of it, and an execution issued in the action against the property of the defendant is returned unsatisfied in whole or in part.

3. *See Fowler v. City of Anchorage,* 583 P.2d 817, 820 (Alaska 1978) ("Unless the context otherwise

indicates, the use of the word 'shall' denotes a mandatory intent.")

4. AS 34.20.070(a) provides in part:
   If a deed of trust is executed conveying real property located in the state to a trustee as security for the payment of an indebtedness and the deed provides that in case of default or noncompliance with the terms of the trust, the trustee may sell the property for condition broken, the trustee, *in addition to the right of foreclosure and sale,* may execute the trust by sale of the property, upon the conditions and in the manner set forth in the deed of trust,

Conrads' remedies were not expressly waived in the note or deed of trust, they had the right to sue on the note or foreclose the security. Therefore, the superior court erred as a matter of law when it entered summary judgment against the Conrads on their right to sue on the note.[5]

## III. CONRAD II: IS THE CREDITORS' CLAIM FOR JUDICIAL FORECLOSURE PRECLUDED BY THE PRIOR SUIT ON THE NOTE?

█ Counsellors argues that the Conrads' claim for judicial foreclosure is precluded by the judgment on the note. The Conrads contend that judicial foreclosure was not addressed in *Conrad I.*

We described the claim preclusive effect of a prior judgment in *State v. Smith*, 720 P.2d 40, 41 (Alaska 1986), as follows:

> Under the doctrine of res judicata (claim preclusion), a judgment on the merits of a controversy bars subsequent suits between the same parties asserting the same claim for relief when the matter raised was or could have been decided in the first suit. *Pankratz v. State, Department of Highways*, 652 P.2d 68, 74 (Alaska 1982); *Calhoun v. Greening*, 636 P.2d 69, 71–72 (Alaska 1981). The Restatement (Second) of Judgments § 24(a) (1982) states that the claim extinguished by the first judgment:
>
> > includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

without first securing a decree of foreclosure and order of sale from the court,

.  .  .  .  .

(Emphasis added).

A mere change in the legal theory asserted will not avoid the preclusive effect of the first judgment. *Pankratz*, 652 P.2d at 74.

Arguably, *Conrad II* is barred under this reasoning. *Conrad I* involved the same parties and resulted in a judgment on the merits. The Conrads *could have joined* a claim for judicial foreclosure with their claim for judgment on the note. Thus, it is irrelevant whether the *Conrad I* court ruled on this issue.[6]

On the other hand, the common law permits a creditor to judicially foreclose a security following an action on the note. *E.g., Foothills Holding Corp. v. Tulsa Rig, Reel & Mfg.*, 155 Colo. 232, 393 P.2d 749, 751 (1964); *Berg v. Liberty Fed. Sav. & Loan Ass'n*, 428 A.2d 347, 348–49 (Del. 1981); *Klondike, Inc. v. Blair*, 211 So.2d 41, 42–43 (Fla.App.1968). Moreover, AS 09.45.200 permits an action for judicial foreclosure *"after* the pendency of an action for the recovery of a [secured] debt," provided that the creditor prevails in the prior action and its judgment remains unsatisfied in whole or in part.[7]

We believe that this situation is best viewed as an express statutory exception to general principles of res judicata. A creditor need not join its claim for judicial foreclosure in the suit for recovery on the note at the risk of losing its security. In one sense, the subsequent foreclosure may be considered a special form of execution on the prior judgment for the creditor. Under AS 09.45.200, the creditor may bring these claims consecutively.[8]

---

5. The superior court appeared concerned that the Conrads filed suit on the note without providing Counsellors any notice of default. Paragraph B6 of the deed of trust requires the Conrads to record a notice of default as one of the steps leading to nonjudicial foreclosure. However, no notice is required if the Conrads pursue one of the *other* remedies available to them as secured creditors. *See Smith v. Certified Realty*, 41 Colo.App. 170, 585 P.2d 293, 294 (1978), *aff'd*, 198 Colo. 222, 597 P.2d 1043 (Colo.1979) (debtor has no equitable right to cure default in an action brought solely on a promissory note).

6. To the extent that Counsellors argues that this *issue* is precluded by *Conrad I*, it *is* relevant whether the first court ruled on the judicial foreclosure question. We agree with the Conrads that the superior court did *not* rule that the Conrads are limited to nonjudicial foreclosure; despite Counsellors' best efforts to obtain a decision on this question, the court left it unresolved.

7. *See* AS 09.45.200, *supra* note 2.

8. However, when the creditor resorts *first* to judicial foreclosure, failure to join its claim for a deficiency judgment may result in claim preclusion. *See* AS 09.45.170; *see also Darnell v. Denton*, 669 P.2d 981, 983 (Ariz.App.1983); *but*

The decision of the superior court in File No. S–1996 is REVERSED; the decision in File No. S–2102 is AFFIRMED. The cases are REMANDED to the superior court for further proceedings. The Conrads may elect whether to proceed with the suit on the note or the foreclosure.

BURKE, J., not participating.

*see Perpetual Bldg. & Loan Ass'n v. Braun,* 242    S.E.2d 407 (S.C.1978).