James W. and Janice L. OSBORNE, Appellants,

v.

Kevin BUCKMAN, Kenai Merit Inn Corp., Evergreen Realty Co., a partnership, Kenai Borough and any Person Claiming an Interest in Lot 2, Block 2, Soldotna Central Properties, pursuant to Plat No. 77–18 in the Kenai Recording District, State of Alaska, Appellees.

No. S–8466.

Supreme Court of Alaska.

Dec. 3, 1999.

**16.** *Id.*

Robert C. Erwin, Law Offices of Robert C. Erwin, Anchorage, for Appellants.

Lawrence A. Pederson, Paul J. Nangle & Associates, Anchorage, for Appellee Buckman.

Before MATTHEWS, Chief Justice, EASTAUGH, FABE, BRYNER, and CARPENETI, Justices.

## OPINION

MATTHEWS, Chief Justice.

## I.  INTRODUCTION

James and Janice Osborne brought suit to quiet title to property in Soldotna. They later amended their complaint to include a claim for judicial foreclosure of a deed of trust covering the property. Kevin Buckman answered, contending that the statute of limitations barred the Osbornes' suit. The superior court granted Buckman's motion for summary judgment on reconsideration, and the Osbornes appeal. Because a bankruptcy stay tolled the statute of limitations, the Osbornes' judicial foreclosure suit is timely. We therefore reverse the grant of summary judgment and remand to the superior court.

## II.  FACTS AND PROCEEDINGS

### A.  Facts

In 1978 Leonard and Fern Ballard conveyed the property to Dennis and Diane Brindley and Bret Haering, who signed a note in favor of the Ballards that was se-

cured by a deed of trust ("the First DOT"). In 1980 Haering sold his interest in the property to Kevin Buckman. In 1983 Buckman and the Brindleys sold the property to Evergreen Realty Company which signed a note payable to Buckman and the Brindleys that was secured by another deed of trust ("the Second DOT"). Evergreen also assumed payment responsibility for the note secured by the First DOT. In 1985 Evergreen conveyed the property to the Kenai Merit Inn Corporation ("Kenai"). Kenai assumed responsibility for payments on both notes. The Ballards assigned the First DOT and the note it secured to the Osbornes; the assignment was recorded on November 4, 1988. In March 1989 the Brindleys assigned their interest in the Second DOT and the note it secured to Kevin Buckman. In that assignment, Buckman assumed payment responsibility for the note secured by the First DOT, which was then payable to the Osbornes. The Osbornes accepted the assumption and released the Brindleys.

Prior to this last assignment, on February 23, 1989, Kenai filed for bankruptcy. An automatic stay issued pursuant to 11 U.S.C. § 362. On December 12, 1990, the bankruptcy court granted relief from the stay on Buckman's motion.

The Osbornes received the last payment Kenai made on the note secured by the First DOT in November of 1988. The last payment Kenai made on the note secured by the Second DOT was received by Buckman on October 12, 1988. Buckman continued to make payments to the Osbornes on the First DOT through October 1989.

No action was filed with respect to the property until after it was abandoned by the bankruptcy trustee due to petroleum contamination. In 1996 Kevin Buckman initiated a non-judicial foreclosure on the Second DOT

and received title in a trustee's deed in November of that year.

## B. *Proceedings*

The Osbornes filed this case on September 3, 1996, initially requesting that title to the property be quieted to them. Later they amended their complaint to request judicial foreclosure on the First DOT. Buckman answered, defending on statute of limitations grounds. Each party moved for summary judgment. Eventually the superior court granted Buckman summary judgment without explanation. On December 4, 1997, the court entered final judgment extinguishing the First DOT. This appeal followed.

## III. *STANDARD OF REVIEW*

This court reviews a grant of summary judgment de novo.[1] "We will affirm a grant of summary judgment if the evidence in the record presents no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."[2]

## IV. *DISCUSSION*

Both parties agree that the six-year limitations period set out in AS 09.10.050(1) applies to the enforcement of both the note and the deed of trust.[3] Buckman argues that the six years had expired on the Osbornes' foreclosure claim one week before they filed their complaint. Summarized, Buckman's argument proceeds: Six years is 2190 days. Kenai stopped making payments to the Osbornes on November 9, 1988, and filed for bankruptcy on February 23, 1989, at which time the automatic stay issued (time elapsed: 105 days). The stay was lifted on December 12, 1990, and the complaint was filed on September 3, 1996 (time elapsed: 2092 days). Total time elapsed from when Kenai made

---

**1.** See *Davis v. Dykman*, 938 P.2d 1002, 1006 (Alaska 1997).

**2.** *Id.*

**3.** AS 09.10.050(1) formerly provided, in relevant part:

Unless the action is commenced within six years, a person may not bring an action

(1) upon a contract or liability, express or implied, excepting those mentioned in AS 09.10.040[.]

The statute was repealed and reenacted in 1997. See ch. 26, § 3, SLA 1997. The amended version applies only to causes of action accruing on or before August 7, 1997. See ch. 26, § 55, SLA 1997. Because this case arose before that date, it is governed by former AS 09.10.050.

See also *Dworkin v. First Nat'l Bank of Fairbanks*, 444 P.2d 777, 782 (Alaska 1968).

the last payment to when the complaint was filed, excluding the time tolled by the stay, was 2197 days. Under Buckman's reasoning, the Osbornes would therefore have missed the 2190–day deadline by seven days.

■ The problem with Buckman's argument is that although Kenai stopped making payments on the First DOT note in November 1988, Buckman himself continued to make the payments on the note until October 1989. Each payment started the limitations period running anew.[4] Thus, the six-year period began to run at the earliest in October of 1989. The stay was then in effect.

Alaska Statute 09.10.170 governs the effect of stays:

When the commencement of an action is stayed by injunction or a statutory prohibition, the time of the continuance of the injunction or prohibition is not a part of the time limited for the commencement of the action.

■ The statute of limitations for foreclosing a deed of trust is the same as that for the underlying debt.[5] Buckman argues that a suit on the note against him was not stayed by Kenai's bankruptcy, and that he could have been sued regardless of the stay. He contends that the six-year period of limitations expired as to his obligation on the First DOT note in October of 1995, and therefore the period of limitations for foreclosing the First DOT also expired then.

We reject this argument. Even though the Osbornes could have filed suit on the note against Buckman regardless of the bankruptcy stay, they were precluded from filing a foreclosure suit until the bankruptcy stay was lifted. In *Moening v. Alaska Mutual Bank*, we held that the holder of a deed of trust note and deed of trust may elect to proceed first with a suit on the note and then with foreclosure or with a foreclosure suit in which a deficiency judgment is sought.[6] In *Conrad v. Counsellors Investment Co.*, issued

the same day as *Moening*, we explained that even though both the suit on the note and the foreclosure suit arise out of the same transaction, AS 09.45.200 permits a foreclosure action to follow an action on the underlying debt.[7] We stated that "this situation is best viewed as an express statutory exception to the general principles of res judicata."[8]

■ By this we referred to the principle that all claims arising out of a single transaction must be brought in a single suit, and those that are not become extinguished by the judgment in the suit in which some of the claims were brought. This principle is sometimes referred to as the "rule prohibiting splitting a cause of action."[9]

■ In our view, merely because there is a statutory exception that permits a claim on the note to be separated from a claim for foreclosure of the underlying deed of trust securing the note does not mean that a holder of a note secured by a deed of trust must sue separately when foreclosure is stayed but suit on the note is not.

■ Alaska Statute 09.10.170 provides that "[w]hen the commencement of an action is stayed" the time of the stay is suspended when calculating the limitations period. We construe the statutory phrase "an action" to encompass all of the Osbornes' claims arising from the note and deed of trust, including their right to judicially foreclose and seek a deficiency judgment. That the Osbornes might have permissibly "split" their cause of action and sought a personal judgment against Buckman does not mean that they had to do so. Their foreclosure action taken as a whole was stayed and they are entitled to the period of suspension required by section .170.

## V. CONCLUSION

The statute of limitations began to run on the foreclosure action in December 1990.

**4.** *See* AS 09.10.210.

**5.** *Dworkin*, 444 P.2d at 782.

**6.** 751 P.2d 5, 8 (Alaska 1988).

**7.** 751 P.2d 10, 13 (Alaska 1988).

**8.** *Id.*

**9.** *Jackinsky v. Jackinsky*, 894 P.2d 650, 656 (Alaska 1995). *See, e.g., Tolstrup v. Miller*, 726 P.2d 1304 (Alaska 1986).

The Osbornes' complaint, filed in September 1996, was within the six-year period and therefore timely. We REVERSE the superior court's grant of summary judgment in favor of Buckman and REMAND for further proceedings consistent with this opinion.