Sam E. McDOWELL and A. Joyce
McDowell, Appellants,

v.

STATE of Alaska, Appellee.

No. S–9101.

Supreme Court of Alaska.

June 8, 2001.

Phillip Paul Weidner, Weidner & Associates, Inc., Anchorage, for Appellant.

Craig J. Tillery, Assistant Attorney General, Elise M. Hsieh, Assistant Attorney General, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before MATTHEWS, Chief Justice, EASTAUGH, FABE, BRYNER, and CARPENETI, Justices.

*OPINION*

CARPENETI, Justice.

I. *INTRODUCTION*

Sam and Joyce McDowell sued the state for trespass alleging that the state permitted petroleum contamination to migrate from its Sterling Highway right-of-way onto the McDowell's property. The superior court granted the state's motion to dismiss the trespass claim because the court had previously dismissed a trespass claim regarding the same event in a pending case between the McDowells and the state. We affirm.

II. *FACTS AND PROCEEDINGS*

Sam and A. Joyce McDowell own residential and investment property in Sterling. Their property is adjacent to the Sterling Highway.

During the winter of 1988–89, the state conducted a right-of-way acquisition survey of land located across the Sterling Highway from the McDowells. John and Carol Cook owned the surveyed land and operated "Cook's Tesoro," a gas station, on it. The state sought to acquire this property by eminent domain for a Sterling Highway expansion project. During this survey, the state discovered petroleum contamination under Cook's Tesoro. The state conducted remediation work at the site in October and November 1990 and subsequently acquired the

Cook's Tesoro property as a right-of-way for the Sterling Highway.

In December 1991 the McDowells discovered that a large portion of their property, including their drinking water well, was contaminated with petroleum. After conducting a groundwater investigation of the area, the Department of Environmental Conservation concluded in January 1993 that this contamination had migrated to the McDowells' property from Cook's Tesoro.

The McDowells filed a complaint against Cook's Tesoro Service Station, Tesoro Alaska Petroleum Company, and the state in August 1993. The complaint asserted a number of claims including negligence, trespass, and nuisance arising out of the Cook's Tesoro contamination and remediation.

The state filed a summary judgment motion in response to the McDowells' complaint, arguing that the negligence claim against it should be dismissed under the doctrine of discretionary immunity and that the nuisance and trespass claims should consequently be dismissed because the act underlying the claims was a discretionary function. In March 1996 the superior court granted the state's motion, dismissing the negligence, trespass, and nuisance claims against the state.[1] The McDowells moved for reconsideration, but the motion was denied under Alaska Rule of Civil Procedure 77(k)(4).

In October 1998 the McDowells filed a new complaint for trespass against the state alleging, among other things, that the state (1) owned property (the Sterling Highway and its accompanying right of way) that was contaminated with subsurface petroleum; (2) had failed to adequately clean up the contamination; and (3) had failed to act reasonably with respect to the petroleum contamination of which it had actual knowledge at the time

of purchase. The complaint also alleged that the contamination had migrated from the state's property to the McDowells' property, or constituted a threat thereto.

In January 1999 the state moved for preclusion of issues and for dismissal under Alaska Rule of Civil Procedure 12(b)(6). The trial court granted the state's motion based upon its previous ruling that the state was entitled to discretionary immunity from the trespass claim. In March 1999 the trial court entered final judgment on the McDowells' 1998 trespass claim. The McDowells moved for reconsideration, but the motion was denied pursuant to Civil Rule 77(k)(4).

The McDowells appeal.

## III. *STANDARD OF REVIEW*

We review *de novo* a trial court's decision to dismiss a case under Rule 12(b)(6).[2]

## IV. *DISCUSSION*

*The McDowells' Trespass Claim Constitutes an Impermissible Splitting of a Cause of Action and Cannot Therefore Be Litigated.*

■■■■ The McDowells may not litigate their 1998 trespass complaint because to do so would violate the longstanding rule prohibiting the "splitting" of a claim by advancing one part of the claim in an initial suit and reserving the remaining parts for a later suit.[3] The rule against claim splitting provides that "all claims arising out of a single transaction must be brought in a single suit, and those that are not become extinguished by the judgment in the suit in which some of the claims were brought."[4]

The McDowells' first and second trespass complaints arose from the same transaction: the petroleum contamination on the Cook's

---

1. The remaining issues in the McDowells' 1993 complaint were tried in summer 1999. On August 18, 1999, a jury determined that the remaining defendants were liable to the McDowells for $23,000 in compensatory damages and that Tesoro Petroleum was liable to the McDowells for $1 million in punitive damages. Final judgment has not yet been entered.

2. *See Roach v. Caudle,* 954 P.2d 1039, 1040 n. 1 (Alaska 1998).

3. *See Osborne v. Buckman,* 993 P.2d 409, 412 (Alaska 1999); *Jackinsky v. Jackinsky,* 894 P.2d 650, 656 (Alaska 1995); *Tolstrup v. Miller,* 726 P.2d 1304, 1307 (Alaska 1986); 18 Charles Alan Wright et al., *Federal Practice and Procedure* § 4402, at 8 (1981).

4. *Osborne,* 993 P.2d at 412.

Tesoro property. In their 1993 complaint, the McDowells sued the state for negligence, nuisance, and trespass arising out of the Cook's Tesoro remediation. The trial court granted summary judgment on all three issues. The McDowells then moved for reconsideration on the ground that the state should have been held liable for trespass as the landowner of the Sterling Highway right-of-way, a theory the McDowells did not raise in their original opposition to the state's summary judgment motion. The superior court denied the motion under Alaska Civil Rule 77(k). Rather than seeking a Rule 54(b) final judgment and appealing the summary judgment grant to this court, the McDowells waited nearly three years and then filed a new complaint against the state based upon the same initial facts, but on a different theory, the landowner liability argument advanced in their motion to reconsider. Both the McDowells' 1993 and 1998 complaints grow out of the same core set of operative facts: that contamination existed under the Cook's Tesoro property, that this contamination migrated onto the McDowells' property, and that the state negligently allowed this migration to occur. As such, they must be brought in the same action.[5] Because the 1993 claims were dismissed by summary judgment, any claims originating in the same underlying facts were also extinguished.[6] Consequently, the McDowells' filing of the 1998 trespass complaint, which arises out of the same set of facts and is based on a claim that has been extinguished by summary judgment, constitutes an impermissible splitting of a cause of action and is therefore barred.

■ Although the McDowells argue that the trespass claim in the second complaint is different from the first because it treats the state as a landowner rather than as a regulatory agency as it did in the first complaint, this variation is irrelevant to our analysis. As discussed above, the relevant inquiry is not whether the two claims are grounded in different theories, but whether they arise out of the same transaction or core set of facts. In fact, the rationale behind the rule against splitting causes of action is that parties cannot use different theories of recovery as separate bases for multiple suits when the underlying claims are part of the same transaction.[7] The McDowells' characterization of the first claim as agency liability and the second as landowner liability cannot circumvent the rule prohibiting splitting causes of action because both claims arise out of the same occurrence. In *Tolstrup*, we stated that "[a] mere change in the legal theory is not sufficient to prevent the operation of res judicata."[8] Similarly, the McDowells' change in their legal theory of the state's trespass liability is not sufficient to overcome the prohibition against claim splitting.[9]

The McDowells could have asserted their statutory and common law trespass claims against the state as landowner in their 1993 complaint. The grant of the state's motion for summary judgment on the McDowells' first complaint extinguished the McDowells' right to proceed later against the state under another theory of trespass liability. The McDowells' claims against the state as owner of the Sterling Highway were part of the same transaction as the prior action, and they cannot now revive that extinguished claim.

The McDowells' remedy for the superior court's decision on the issue of the state's liability for trespass is limited to appeal. Following the grant of summary judgment, the proper remedy for the McDowells is either to seek a Civil Rule 54(b) final judgment on the claims against the state and then

---

**5.** *See id.*

**6.** *See id.*

**7.** *See* 18 Charles Alan Wright et al., *Federal Practice and Procedure* § 4411 (1981) (citing *Brzostowski v. Laidlaw Waste Systems, Inc.*, 49 F.3d 337, 339 (7th Cir.1995)).

**8.** *Tolstrup*, 726 P.2d at 1307.

**9.** The rule against claim splitting that we describe in this case is a conventional application of the doctrine of *res judicata* because the McDowells named the state in their original and subsequent actions. The rule does not necessarily extend more broadly to require that claims against all conceivable parties arising out of a single transaction be joined in a single action.

appeal that decision to this court, or to appeal the summary judgment grant post-trial.

## V. *CONCLUSION*

Since the McDowells' 1998 trespass claim constitutes impermissible claim splitting and cannot be relitigated, we AFFIRM the trial court's grant of the state's Rule 12(b)(6) motion.