54 P.3d 777 (2002)
John ROBERTSON, Appellant,
v.
AMERICAN MECHANICAL, INC., and Alaska National Insurance Company, Appellees.
No. S-10048.
Supreme Court of Alaska.
July 19, 2002.
*778 Arthur L. Robson, Robson Law Office, Fairbanks, for Appellant.
Michael P. McConahy, McConahy, Zimmerman & Wallace, Fairbanks, for Appellees.
Before: FABE, Chief Justice, MATTHEWS, EASTAUGH, BRYNER, and CARPENETI, Justices.

OPINION
MATTHEWS, Justice.

I. INTRODUCTION
John Robertson appeals the superior court decision of January 26, 2001, that upheld both the Alaska Workers' Compensation Board's dismissal of his amended report of occupational injury as well as its subsequent denial of his petition for reconsideration and rehearing. Robertson argues that the Board erred by finding that his amended claim was barred by res judicata, collateral estoppel, untimeliness, laches, equitable estoppel, and quasi-estoppel. Because the Board correctly dismissed Robertson's amended claim on the basis of res judicata, we affirm the superior court's decision.

II. FACTS AND PROCEEDINGS
John Robertson began working for American Mechanical, Inc., (AMI) in February 1994 as a house painter and texturer on a project at Fort Wainwright. He continued to work for AMI until December 1995. While working for AMI, Robertson went to North Pole Chiropractic Clinic on September 2, 1994, for what he believed to be a back strain. He began periodic chiropractic adjustments for this back problem. On October 27, 1994, Robertson returned to the North Pole Chiropractic Clinic for a back injury allegedly suffered on October 26. He visited the North Pole Chiropractic Clinic regularly between September 2 and the end of January 1995.
One and one-half years after the injury, on April 24, 1996, Robertson visited orthopedist Dr. Carl Unsicker at the Fairbanks Clinic, complaining of back pain and numbness in his right leg. Dr. Unsicker examined Robertson and took x-rays (but did not order an MRI), finding that Robertson had a "good range of motion," and likely suffered from "[l]umbar degenerative disc disease, L5/S1," which he determined "was probably preexistent to the onset of his discomfort." He recommended Ibuprofen as needed.
Robertson next consulted orthopedic surgeon Dr. Roy Pierson on May 16, 1996. Robertson reported to Dr. Pierson that he was injured on the job in October of 1994. Dr. Pierson examined Robertson, and following an MRI, diagnosed him as having a herniated nucleus pulposus in the L5-S1 area, with right lower extremity neuropathy. Dr. Pierson recommended epidural cortisone injections, which Robertson declined, citing concerns over insurance coverage. Dr. Pierson prescribed Naprosyn, and put Robertson on "light duty work lifting less than 30 lbs. and limited bending [and] stooping [for] 2 months."
Robertson did not officially report the injury to AMI until June 4, 1996, following his consultations with Dr. Pierson. However, he claims that his supervisor knew of his injury in the fall of 1994. Unfortunately, his supervisor subsequently moved out of state and has since died, making Robertson's assertion impossible to verify. AMI's human resources manager asserted that the company had no notice of his back problem until Robertson filed his claim, a year and a half after the injury.
Robertson filed a report of occupational injury on June 4, 1996, reporting a lower back injury on October 26, 1994. The Board heard his claim for benefits on June 5, 1997. The Board denied Robertson's claim in its decision and order dated July 22, 1997. The Board found that Robertson presented sufficient evidence to raise the presumption of compensability. However, it found that AMI produced substantial evidence that overcame the presumption and that Robertson failed to establish his claim by a preponderance of the evidence.
Robertson moved for a modification of this decision. The Board denied his motion, concluding that it was "solely a back-door attempt *779 to reopen and retry the employee's case," and that Robertson had "not presented sufficient evidence to support a rehearing and modification ...." Robertson appealed this denial of modification to the superior court. Superior Court Judge Charles R. Pengilly affirmed the Board's denial of the motion for modification on procedural grounds, noting that even absent Robertson's procedural failure the court would affirm the Board's decision on substantive grounds. Robertson did not appeal the superior court's decision.
On the same day that he filed his first appeal in the superior court, Robertson filed an amended report of occupational injury. This amended claim was functionally identical to his original report, but argued that his injury may have occurred as early as September 1, 1994, as opposed to October 26 as originally claimed. The Board dismissed Robertson's amended claim on the basis that it was barred by res judicata and collateral estoppel, as well as by its untimeliness under AS 23.20.100(a) and AS 23.30.105(a), and by the equitable principles of laches, equitable estoppel and quasi-estoppel.
Robertson requested that the Board reconsider its dismissal of his amended claim, but the Board denied this request, reiterating that his claim was barred by res judicata, collateral estoppel, untimeliness, laches, equitable estoppel, and quasi-estoppel, and saying that he had "not provided sufficient basis for [ ] reconsideration and rehearing."
Robertson appealed the Board's dismissal of his amended claim and its denial of reconsideration to the superior court. In his appeal, Robertson argued that (1) the Board erred by refusing to reconsider its denial of his amended report; (2) the Board erred in accepting testimony of Dr. Unsicker over that of Dr. Pierson; (3) Robertson should be covered by workers' compensation whether his injury was caused on October 26 or September 2, 1994; and (4) Robertson's claim was not barred by laches, untimeliness, res judicata, or estoppel.
On January 26, 2001, Superior Court Judge Ralph R. Beistline held that Robertson's claims were barred by res judicata. Alternatively, he found that the Board's conclusions of fact were supported by substantial evidence. He further upheld, under a reasonable basis test, the Board's finding that Robertson's amended claim was barred by untimeliness under AS 23.30.100(a) and AS 23.30.105(a). He declined to reach the question of whether Robertson's amended claim was properly barred for the other listed reasons. This appeal followed.

III. STANDARD OF REVIEW
In cases in which the superior court has served as an intermediate court of appeal of an agency decision, we will independently review the merits of the administrative decision.[1] We review an administrative agency's findings to determine whether they are supported by substantial evidence.[2] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[3] We will uphold the Board's decisions as to the credibility of witnesses, if such decisions are supported by substantial evidence,[4] as "[i]t is not this court's role to reweigh the evidence."[5] We review questions of law using our independent judgment.[6]

IV. DISCUSSION

Robertson's Amended Claim Was Barred by Res Judicata.
The Board found that the principles of res judicata barred Robertson's amended claim. We have held that res judicata, or claim preclusion, applies to workers' compensation cases, however it is not always applied *780 as rigidly in administrative proceedings as it is in judicial proceedings.[7] When applicable, res judicata precludes a subsequent suit "between the same parties asserting the same claim for relief when the matter raised was or could have been decided in the first suit."[8] It requires that "(1) the prior judgment was a final judgment on the merits, (2) a court of competent jurisdiction rendered the prior judgment, and (3) the same cause of action and same parties or their privies were involved in both suits."[9]
In finding that the amended claim was barred by res judicata, the Board found that "[t]he issue to be decided is identical to that already litigated: whether the employee is entitled to workers' compensation benefits for his lower back condition. The employee does not assert that he sustained a different injury on September 1, 1994. Indeed, the employee admitted that the claims are identical."
We hold that Robertson's claim is barred by the rule against claim splitting, which is "a conventional application of the doctrine of res judicata."[10] The rule against claim splitting provides that "all claims arising out of a single transaction must be brought in a single suit, and those that are not become extinguished by the judgment in the suit in which some of the claims were brought."[11] When analyzing claim splitting, "the relevant inquiry is not whether the two claims are grounded in different theories, but whether they arise out of the same transaction or core set of facts."[12] Robertson had the option of arguing in his original claim that he was either injured on October 26, or alternatively that he was injured while working for AMI on September 1 and aggravated the injury on October 26. Because both claims are based on the same injury and the same "core set of facts," these claims should have been brought together. Because they were not, Robertson's amended claim is barred by res judicata.[13]

V. CONCLUSION
Because the Board correctly dismissed Robertson's amended claim on the basis of res judicata, we AFFIRM the superior court's decision.
NOTES
[1] Tolbert v. Alascom, Inc., 973 P.2d 603, 606-07 (Alaska 1999).
[2] Grove v. Alaska Constr. & Erectors, 948 P.2d 454, 456 (Alaska 1997).
[3] Id. (quoting Miller v. ITT Arctic Servs., 577 P.2d 1044, 1046 (Alaska 1978)).
[4] Williams v. State, Dep't of Revenue, 938 P.2d 1065, 1069 (Alaska 1997).
[5] DeYonge v. NANA/Marriott, 1 P.3d 90, 94 (Alaska 2000) (citing Miller, 577 P.2d at 1049).
[6] Phillip Weidner & Assocs., Inc. v. Hibdon, 989 P.2d 727, 730 (Alaska 1999).
[7] McKean v. Municipality of Anchorage, 783 P.2d 1169, 1171 (Alaska 1989).
[8] State v. Smith, 720 P.2d 40, 41 (Alaska 1986).
[9] Tope v. Christianson, 959 P.2d 1240, 1243 (Alaska 1998).
[10] McDowell v. State, 23 P.3d 1165, 1167 n. 9 (Alaska 2001).
[11] Osborne v. Buckman, 993 P.2d 409, 412 (Alaska 1999).
[12] McDowell, 23 P.3d at 1167.
[13] Because we hold that Robertson's amended claim is barred by res judicata, we do not reach his arguments that the Board erred in giving more weight to Dr. Unsicker's diagnosis of his injury than to Dr. Pierson's, or that his injury should be covered by workers' compensation regardless of whether the injury occurred on September 1, 1994, or October 26, 1994.