NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| TERRY M. PARSONS, ) | |
| ) | Supreme Court No. S-17326 |
| Appellant, ) | |
| ) | Alaska Workers' Compensation |
| v. ) | Appeals Commission No. 18-004 |
| ) | |
| CRAIG CITY SCHOOL DISTRICT and ) | MEMORANDUM OPINION |
| ALASKA MUNICIPAL LEAGUE JOINT ) | AND JUDGMENT[*] |
| INSURANCE ASSOCIATION, ) | |
| ) | No. 1748 – November 20, 2019 |
| Appellees. ) | |
| ) | |

Appeal from the Alaska Workers' Compensation Appeals Commission.

Appearances: Terry M. Parsons, pro se, Biscoe, North Carolina, Appellant. Rebecca Holdiman Miller, Holmes Weddle & Barcott, P.C., Anchorage, for Appellees.

Before: Bolger, Chief Justice, Winfree, Stowers, Maassen, and Carney, Justices.

## I. INTRODUCTION

A school district custodian was injured at work in 2001 when a ladder fell on her. She filed a workers' compensation claim later that year but did not pursue it. In 2010 she filed another claim, related to the same injury, after her employment contract was not renewed. The Alaska Workers' Compensation Board denied both claims after

---

[*]     Entered under Alaska Appellate Rule 214.

a 2011 hearing, and the Alaska Workers' Compensation Appeals Commission affirmed the Board's decision. The worker initiated a late appeal with this court but failed to complete it.

In 2017 the worker sent the Board a letter which the Board interpreted as a request to reopen her claim. The Board dismissed the claim after a hearing, concluding that the worker had no new evidence and no justification for her long delay in seeking to reopen the claim; the Board also rejected the worker's request to call an eyewitness who had testified at the 2011 hearing. The Commission affirmed that decision. We agree with the Commission that the 2017 request to reopen the claim was barred by res judicata and that the Board appropriately exercised its discretion in the challenged evidentiary ruling; we therefore affirm the Commission's decision.

## II.    FACTS AND PROCEEDINGS

Terry Parsons worked as a school custodian for the Craig City School District. In late June 2001 she was injured at work when a folding ladder to an attic storage area fell on her. While continuing to work, Parsons filed a workers' compensation claim requesting various benefits, including temporary total disability (TTD), temporary partial disability (TPD), and medical costs. The school district controverted benefits. Parsons did not pursue her claim and continued working for the school district.

In May 2010 the school district "decided not to retain" Parsons, and that September she filed another workers' compensation claim based on the 2001 incident. The claim, once amended, sought benefits for TTD, TPD, permanent total disability (PTD), and permanent partial impairment (PPI), as well as medical costs and reemployment benefits. The school district again denied the claim and filed a notice of controversion of all the requested benefits.

The Board held a hearing in August 2011 on both the 2001 and the 2010 claims. The school district asked the Board to deny or dismiss the claims because of statutes of limitations. It also argued that Parsons's claims could be denied on the merits as unsupported by any medical evidence. Parsons testified at the hearing and called three lay witnesses, one of whom had seen the accident. Parsons identified a rheumatologist in North Carolina, where she was then living, as the doctor who was "best acquainted with" her conditions and treatment, though in the doctor's opinion there was no connection between her work injury and her condition.

In a September 13, 2011 decision, the Board denied the school district's request for dismissal based on the statutes of limitations, but at the same time it denied Parsons's workers' compensation claims on the merits. The Board applied its presumption analysis and gave the most weight to the opinions of two of the school district's physicians, who had evaluated Parsons in both 2002 and 2011.

Parsons appealed to the Commission, which in an August 2012 decision affirmed the Board's decision rejecting her claims on the merits.

Approximately ten months later, on June 17, 2013, Parsons filed a motion with this court to accept a late-filed appeal. The Clerk of the Appellate Courts wrote to Parsons in July, telling her that her documents had been rejected because of certain deficiencies. The letter informed her how to correct the deficiencies but warned that "it would be unusual for the court to allow such a very late appeal." Parsons did nothing further, and on July 31 the Appellate Clerk's office notified Parsons that it had closed the file.

Over four years later, in September 2017, Parsons wrote a letter to the Board asking for help "reopen[ing]" her case. The Board treated the letter as a request to modify its 2011 decision and held a prehearing conference at which it informed Parsons she could "file evidence she would like the Board to consider to support her

petition for the Board to re-open her case." The school district asked the Board to dismiss the petition because it was too late under the provisions of the Alaska Workers' Compensation Act or, alternatively, because of res judicata or the law of the case doctrine. The school district argued that Parsons had not filed any new evidence that would justify reopening her claim; Parsons later submitted some new medical records.

The Board held a hearing in January 2018 on the request to reopen the claim. Parsons argued that it should be reopened because she had been under significant stress in 2011 and 2012. She also appeared to argue that one of her medications caused problems that excused her failure to follow through with her judicial appeal in 2012. Parsons wanted to call a witness who had testified at the 2011 hearing, but the Board did not allow it because Parsons's witness list did not comply with the Board's regulations.

The school district pointed out that five years had elapsed between the Commission's 2012 decision and Parsons's letter seeking to reopen the claim. It argued that there was no reason to allow the claim to be reopened because the Board had correctly applied its presumption analysis in 2011 and Parsons had no new evidence that could support a different result.

The Board issued a decision in February 2018 both denying Parsons's petition to reopen her claim and granting the school district's petition to dismiss the claim. The Board first confirmed its oral order precluding the testimony of Parsons's proffered witness. The Board then considered Parsons's petition to reopen her claim; it decided that her testimony that stress and medication "prevented her from timely petitioning for modification or reconsideration" was "not credible" because she had been able to appeal the first Board decision to the Commission. The Board therefore decided that Parsons had not shown a good reason to excuse her late-filed attempt to reopen the claim. The Board also decided that the school district had proven all the elements of res judicata.

Parsons asked the Board to reconsider, but the Board took no further action, and reconsideration was deemed denied.[1]  Parsons timely filed an appeal with the Commission, which affirmed the Board's decision.  The Commission first decided that "[s]ubstantial evidence in the record supports the Board's finding" that Parsons's 2017 claim was barred by res judicata.  Relying in part on the law of the case doctrine, the Commission also decided that substantial evidence supported the Board's decision to dismiss Parsons's petition to reopen her claim.  Finally, the Commission affirmed the Board's decision not to allow Parsons to call her witness.  Parsons appeals.

## III.   STANDARD OF REVIEW

"In an appeal from the Alaska Workers' Compensation Appeals Commission, we review the Commission's decision."[2]  "Whether res judicata applies is a question of law that we review de novo."[3]   "We independently review the Commission's conclusion that substantial evidence in the record supports the Board's factual findings by independently reviewing the record and the Board's findings."[4]  We review the Commission's legal conclusions about the Board's exercise of discretion by "independently assess[ing] the Board's rulings."[5]

---

[1]     *See* AS 44.62.540(a).

[2]     *Burke v. Raven Elec., Inc.*, 420 P.3d 1196, 1202 (Alaska 2018).

[3]     *Smith v. CSK Auto, Inc.*, 132 P.3d 818, 820 (Alaska 2006).

[4]     *Humphrey v. Lowe's Home Improvement Warehouse, Inc.*, 337 P.3d 1174, 1178 (Alaska 2014).

[5]     *Smith v. CSK Auto, Inc.*, 204 P.3d 1001, 1007 (Alaska 2009).

## IV. DISCUSSION

### A. The Commission Correctly Decided That Substantial Evidence Supported The Board's Denial Of Parsons's Petition To Reopen Her Claim.

In analyzing Parsons's 2017 letter, the Board characterized it primarily as a request for modification of the Board's 2011 decision and therefore considered it in the context of the Act's modification provision.[6] Accordingly, the Board informed Parsons in a prehearing conference about the statutory deadlines for reconsideration or modification of Board and Commission decisions. The Board also told Parsons that she could "file evidence she would like the Board to consider to support her petition for the Board to re-open her case."

The only new evidence Parsons submitted was a set of medical records from an orthopedics practice in North Carolina. Both the Board and the Commission reviewed these records to determine whether they indicated that Parsons's current condition was related to her work injury or demonstrated an excuse for her long delay in seeking modification of the Board's 2011 decision. As both the Board and the Commission concluded, nothing in the new records supported Parsons's current position, nor did it rebut the evidence of employer medical evaluation (EME) physicians — and Parsons's own doctors — that formed the basis of the Board's 2011 decision on the merits. We therefore affirm the Commission's conclusion that the Board's decision to deny the petition to reopen the case was supported by substantial evidence.

---

[6] AS 23.30.130(a) allows "any party in interest" or the Board on its own motion to seek modification of a compensation order based on "a change in conditions . . . or because of a mistake in its determination of fact" within "one year after the date of the last payment of compensation benefits under AS 23.30.180, 23.30.185, 23.30.190, 23.30.200, or 23.30.215, whether or not a compensation order has been issued, or before one year after the rejection of a claim."

**B.** **Treating Parsons's Claim As A New Claim, The Commission Correctly Concluded That Res Judicata Barred It.**

In granting the school district's petition to dismiss, the Board concluded that the school district had "demonstrated all elements for application of res judicata doctrine." The Commission affirmed the Board's decision on this issue.

Parsons's legal argument on appeal appears to be that her case presents an exceptional circumstance distinguishing it from *Dieringer v. Martin*,[7] a case the Board cited in granting the school district's motion to dismiss. *Dieringer* deals with the law of the case, not res judicata,[8] but the Board relied on both doctrines in dismissing Parsons's case.

Res judicata may bar a newly filed workers' compensation claim.[9] But we have rejected application of this doctrine in a modification proceeding.[10] Here Parsons was self-represented and had filed an ambiguous request to "reopen" her case. Her request was barred by res judicata only if it was intended to be a new written claim for the benefits she had already sought unsuccessfully in 2010-11.

The elements of res judicata are the following: "(1) the prior judgment was a final judgment on the merits, (2) a court of competent jurisdiction rendered the prior judgment, and (3) the same cause of action and same parties or their privies were

---

[7] 187 P.3d 468 (Alaska 2008).

[8] *See id.* at 473-74 (discussing law of the case doctrine).

[9] *McKean v. Municipality of Anchorage*, 783 P.2d 1169, 1170-71 (Alaska 1989); *see also Robertson v. Am. Mech., Inc.*, 54 P.3d 777, 779-80 (Alaska 2002) (applying res judicata to bar an amended claim filed shortly after Board decided original claim).

[10] *Sulkosky v. Morrison-Knudsen*, 919 P.2d 158, 163 (Alaska 1996).

involved in both suits."[11]  These elements exist here if Parsons's letter is viewed as a new claim.  First, the Board's 2011 decision was a final decision on the merits, which Parsons appealed to the Commission; the Commission affirmed the Board's decision, and Parsons failed to perfect a further appeal.  The prior judgment was thus a final judgment on the merits.

Second, as the Commission noted, the Board has authority to hear and decide disputed workers' compensation claims; the 2011 Board decision was made by an adjudicative body with jurisdiction over it.  The Commission, which issued its final decision in August 2012, had jurisdiction over the appeal.

Finally, the 2011 claim sought many benefits, including PTD and medical benefits, which appear to be what Parsons seeks now.  Her 2017 claim essentially reasserted the 2011 claim — she does not have a new theory of causation or new medical evidence that might demonstrate an error in the Board's earlier analysis of the issue.  And the same parties — Parsons and the school district — are involved in the litigation.

Because all elements for the application of res judicata are met here, we affirm the Commission's decision that the doctrine barred the 2017 claim.

C.    **The Commission Correctly Concluded That The Board's Decision To Exclude The Witness's Testimony Was A Proper Exercise Of Discretion.**

The Commission also concluded that the Board did not err by excluding the testimony of Parsons's proposed witness.  Parsons mentions the witness "of [the] accident" only in passing in her brief, but the school district addressed the evidentiary

---

[11]    *Robertson*, 54 P.3d at 780 (quoting *Tope v. Christianson*, 959 P.2d 1240, 1243 (Alaska 1998)).

issue, and, giving due consideration to Parsons's status as an unrepresented litigant,[12] we do so too. We agree with the Commission's decision.

The Board relied in part on Parsons's failure to comply with a regulation, 8 Alaska Administrative Code 45.112, requiring witness lists to include a description of the proposed witness's testimony. The Board observed that it had the authority to waive the regulation's strict requirements but saw no reason to do so in this case. The proposed witness — an eyewitness to the 2001 accident — had testified at the hearing in 2011, meaning that the Board already had her testimony. Also, as the mechanics of the 2001 injury were not in dispute, the proffered testimony would have provided the Board with no new information relevant to the issues before it. We agree with the Commission's conclusion that the Board did not abuse its discretion by excluding the testimony.

V. CONCLUSION

We AFFIRM the Commission's decision.

---

[12] *Tobar v. Remington Holdings LP*, 447 P.3d 747, 753 (Alaska 2019) ("We have . . . concluded that the pleadings of self-represented litigants should be held to a less stringent standard and that their briefs are to be read generously.").