NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| TERRY M. PARSONS, ) | |
| ) | Supreme Court No. S-18306 |
| Appellant, ) | |
| ) | Alaska Workers' Compensation |
| v. ) | Appeals Commission No. 21-002 |
| ) | |
| CRAIG CITY SCHOOL DISTRICT and ) | MEMORANDUM OPINION |
| ALASKA MUNICIPAL LEAGUE JOINT ) | AND JUDGMENT* |
| INSURANCE ASSOCIATION, ) | |
| ) | No. 1957 – March 22, 2023 |
| Appellees. ) | |
| ) | |

Appeal from the Alaska Workers' Compensation Appeals Commission.

Appearances: Terry M. Parsons, pro se, Hope Mills, North Carolina, Appellant. Rebecca Holdiman Miller, Holmes Weddle & Barcott, P.C., Anchorage, for Appellees.

Before: Winfree, Chief Justice, Maassen, Carney, Borghesan, and Henderson, Justices.

## I.    INTRODUCTION

In 2021 the Alaska Workers' Compensation Board decided that res judicata barred a permanent total disability claim arising from a 2001 injury. The self-represented worker appealed to the Alaska Workers' Compensation Appeals Commission, which affirmed the Board's decision. We affirm the Commission's decision.

---

\*    Entered under Alaska Appellate Rule 214.

## II.    FACTS AND PROCEEDINGS[1]

Terry Parsons, a custodian for the Craig City School District, was injured in June 2001 when "a folding ladder to an attic storage area fell on her."[2]  Parsons filed a written workers' compensation claim at the time but did not pursue it; she returned to work and continued to work for the District for several more years.[3]  She filed a second claim in 2010 after the District decided not to retain her; that claim included a claim for permanent total disability.[4]  The Board denied both the 2001 and 2010 claims after a hearing, deciding Parsons had not met her burden of showing that the work-related injury was a substantial factor in her disability.[5]  The 2011 Board decision identified many medical conditions, including neck and low back pain, that Parsons claimed were caused by the work injury, and it rejected her permanent total disability claim.

The Commission affirmed the Board's 2011 denial of Parsons's claims.[6]  Parsons attempted to appeal the Commission's decision to us.[7]  After she did not respond to a letter from the Appellate Clerk's office explaining how to correct her filings, the

---

[1]     This is Terry Parsons's second appeal related to her 2001 injury; we take many facts from our earlier decision, *Parsons v. Craig City Sch. Dist.*, No. S-17326, 2019 WL 6170750 (Alaska Nov. 20, 2019).

[2]     *Id.* at *1.

[3]     *Id.*

[4]     *Id.*

[5]     *Id.*

[6]     *Id.* at *2.

[7]     *Id.*

Clerk's office notified her it had closed the file.[8]

In 2017 Parsons sent an ambiguous letter to the Board asking to reopen her case, and the "Board treated the letter as a request to modify its 2011 decision."[9] The Board denied the request to reopen the claim and granted the District's petition to dismiss the claim due to res judicata.[10] The Commission affirmed that Board decision as well.[11] We affirmed the Commission's decision, providing two explanations because of the letter's ambiguity and the procedural differences between modifications and new claims.[12]

In September 2020, after talking to a workers' compensation technician, Parsons filed a new written workers' compensation claim for permanent total disability. Her 2020 claim alleged that her 2001 injury caused "joint pains and nerve damage" that were disabling. She also said the injury "caused damages, [years] of stress . . . that affected [her] body along with [the] injury." She cited "new findings from injury neck damage, affected [her] body" as a reason for filing the claim.

Parsons later submitted new medical records about her neck and low back pain.[13] The imaging study of her neck showed a disc herniation at one level and a "disc

---

[8]     *Id.*

[9]     *Id.*

[10]    *Id.*

[11]    *Id.*

[12]    *Id.* at *3-4.

[13]    Because Parsons submitted new medical evidence related only to her neck and low back conditions, we focus our decision on those conditions.

osteophyte complex"[14] at two levels, with stenosis. The records said nothing about causation.

The new records about her low back diagnosed a congenital condition that "create[s] a baseline of central canal and foraminal narrowing"; imaging also showed disc bulging. The records concluded Parsons had "mild to moderate spinal stenosis" related to "[m]ild lumbar spondylosis"[15] and her congenital condition. The new low back records said nothing about causation and did not link Parsons's condition to her 2001 work injury.

The District filed a petition for a "den[ial] outright" of Parsons's new claim because of res judicata. The petition did not ask the Board to limit Parsons's ability to file future claims. The District requested a hearing on its petition shortly afterwards. The Board held a prehearing conference and scheduled an oral hearing on the District's petition.

The parties later filed prehearing memoranda. As relevant to this appeal, the District argued Parsons's claim should be dismissed as res judicata. In its brief the District compared this case to *Rosales v. Icicle Seafoods, Inc.*,[16] where res judicata was

---

[14] An osteophyte is a "bony outgrowth." *Osteophyte*, STEDMAN'S MEDICAL DICTIONARY, Westlaw (database updated Nov. 2014).

[15] Spondylosis is "[a]nkylosis of the vertebra; often applied nonspecifically to any lesion of the spine of a degenerative nature." *Spondylosis*, *id.* Ankylosis is "[s]tiffening or fixation of a joint as the result of a disease process, with fibrous or bony union across the joint; fusion." *Ankylosis*, *id.*

[16] *See Rosales v. Icicle Seafoods, Inc.*, 316 P.3d 580 (Alaska 2013); *Rosales v. Icicle Seafoods, Inc.*, No. S-16373, 2017 WL 3122390 (Alaska July 19, 2017); *Rosales v. Icicle Seafoods, Inc.*, No. S-17578, 2020 WL 5230551 (Alaska Sept. 2, 2020). These cases involved an attempt to set aside a workers' compensation settlement agreement.

applied to repeated workers' compensation claims. And, for the first time, the District asked the Board to enter a screening order like that discussed in *DeNardo v. Maassen*[17] to bar future claims, just as the Board and Commission had done in *Rosales*.[18] Parsons's brief recited the story of her injury and alleged that the ladder falling on her had caused years of pain.

At the December 2020 hearing the District contended it was "just simply too late" for Parsons to present medical evidence about causation and that Parsons had not supplied a new causation opinion in any event. The District repeated its request for a screening order. Parsons responded that she had presented "new findings" about her condition, arguing that medical records now showed neck problems. She connected the neck problems to the work injury because (1) the ladder was heavy; (2) it fell on her upper body; and (3) the District's doctors had diagnosed her with a work-related back sprain. She said she was presenting some "old evidence with the new" to show that the work injury made her condition "even worse than before." Parsons contended that she had not previously known the extent of her problems. The Board inquired whether Parsons understood the District's request for a screening order; Parsons responded that she believed the litigation should end.

The Board granted the District's petition to dismiss the claim, determining that each element of res judicata was met. The Board denied the request for a screening order because the District had not mentioned it prior to filing its prehearing

---

[17]     200 P.3d 305, 314-17 (Alaska 2009).

[18]     *See Rosales*, 2020 WL 5230551, at *2 (describing order as modified by Commission). The Commission required the Board process to result in a final order so that Rosales had an opportunity to appeal any Board order disallowing a new claim to the Commission. *Id.*

memorandum so the proposed order had not been included in the issues for hearing.[19]

Parsons appealed to the Commission. The District did not file a cross-appeal. In its brief the District argued that (1) the Board's res judicata decision should be affirmed; (2) the Commission abused its discretion by accepting the appeal; and (3) the Commission should order the Board to enter a screening order to prevent Parsons from filing future claims.

The Commission affirmed the Board in all respects, deciding that substantial evidence in the record supported the Board's decisions about res judicata and the scope of the hearing. Parsons asked the Commission to reconsider its decision, but the Commission declined. Parsons appeals.

## III.  STANDARD OF REVIEW

We review the Commission's decision rather than the Board's in a workers' compensation appeal.[20] "Whether res judicata applies is a question of law that we review de novo."[21] We review the Commission's legal conclusions about the Board's exercise of discretion by "independently assess[ing] the Board's rulings."[22]

## IV.  DISCUSSION

### A.    The Commission Correctly Concluded That Res Judicata Bars Parsons's 2020 Claim.

The Commission decided res judicata, or claim preclusion, barred Parsons's 2020 claim for permanent total disability. Res judicata bars a claim when a "prior

---

[19]    *See* 8 Alaska Administrative Code (AAC) 45.070(g) (2021) (stating that prehearing summary "governs the issues and the course of the hearing" in the absence of "unusual and extenuating circumstances").

[20]    *Burke v. Raven Elec., Inc.*, 420 P.3d 1196, 1202 (Alaska 2018).

[21]    *Smith v. CSK Auto, Inc.*, 132 P.3d 818, 820 (Alaska 2006).

[22]    *Smith v. CSK Auto, Inc.*, 204 P.3d 1001, 1007 (Alaska 2009).

judgment was (1) a final judgment on the merits, (2) from a court of competent jurisdiction, (3) in a dispute between the same parties (or their privies) about the same cause of action."[23] We have held that res judicata applies in administrative actions, but "it is not always applied as rigidly in administrative proceedings as it is in judicial proceedings."[24]

Parsons does not appear to contest that her earlier cases resulted in final judgments on the merits, nor does she suggest that either the Board or the Commission lacked jurisdiction in the prior cases. The parties to this claim are the same as those in the prior cases. Parsons has contended that her most recent claim is not the same cause of action because her condition has deteriorated and she provided new evidence that she has neck and low back conditions, which she alleged are disabling.

Parsons sought permanent total disability benefits as part of her 2010 claim. In order for an employer to be liable for workers' compensation, the work-related injury must be a legal cause of the employee's disability or need for medical care.[25] In Parsons's case she needed to establish that her work injury was a substantial factor in causing her disability.[26]

Like Parsons's 2020 claim, her 2010 claim alleged she had suffered years of pain and stress as a consequence of the ladder falling on her. In its 2011 decision the Board considered the medical evidence Parsons presented, including medical evidence

---

[23]     *Sykes v. Lawless*, 474 P.3d 636, 642 (Alaska 2020) (quoting *Plumber v. Univ. of Alaska Anchorage*, 936 P.2d 163, 166 (Alaska 1997)).

[24]     *Robertson v. Am. Mech., Inc.*, 54 P.3d 777, 779-80 (Alaska 2002).

[25]     *See Huit v. Ashwater Burns, Inc.*, 372 P.3d 904, 906-07 (Alaska 2016) (summarizing causation analysis used in Alaska workers' compensation cases).

[26]     *See id.* at 907 (setting out pre-2005 standard).

related to low back and neck pain, and decided she had not shown that the work-related injury was a substantial factor in causing any of her pain. The Board noted that many of Parsons's own doctors agreed with the District's doctors that Parsons's pain and orthopedic problems were not related to the injury. For example, one of Parsons's doctors wrote in 2010 that he "declined" her request to "write down that the [work injury] was a cause of . . . her back pain." The Board's 2011 decision thus rejected Parsons's theory that her work injury caused her ongoing pain problems and related disability. The Commission affirmed that decision, and Parsons did not perfect an appeal to us.[27] The earlier Commission decision was a final judgment that decided the 2001 work injury was not a causative factor in Parsons's pain complaints.

The Commission has recognized that new medical evidence may provide the basis for a new workers' compensation claim.[28] Parsons has asserted that she provided new medical evidence about her neck and back pain and that the records demonstrate her continuing deterioration. The new medical records indicated Parsons had degenerative conditions in her neck and back that merited treatment but said nothing about causation. Neither the recent medical records nor her arguments related to them provided a theory of causation different from the one the Board rejected in 2010, and she provided no new evidence suggesting any of her other problems stemmed from her work injury. Indeed, she argues here that she included old causation evidence with the new records because the old records supported her causation theory in the new claim. The

---

[27] *Parsons v. Craig City Sch. Dist.*, No. S-17326, 2019 WL 6170750, at *2 (Alaska Nov. 20, 2019).

[28] *See Tobar v. Remington Holdings, LP*, AWCAC Dec. No. 244 at 10 (Feb. 21, 2018), https://labor.alaska.gov/WCcomm/memos-finals/D_244.pdf (advising self-represented claimant that she was "entitled to file a new claim" if "in the future, a doctor indicates she needs medical treatment for which the . . . work injury is the substantial cause"), *vacated on other grounds*, 447 P.3d 747 (Alaska 2019).

Board evaluated causation evidence in the 2010 decision and decided then that Parsons had not proved her work injury caused any of her complaints, including neck and low back pain. The Commission affirmed this decision. Res judicata barred the 2020 claim for neck and low back pain based on the same causation theory because that causation theory was litigated and rejected.

## B. Other Issues

The parties raise two issues that we address briefly.

### 1. Evidence

Parsons complains about the Board's failure to discuss some of the evidence presented during litigation of the 2010 claim. The Board and the Commission considered this evidence in their earlier decisions. Evaluating whether the 2010 claim barred the 2020 claim did not require the Board or the Commission to reevaluate the evidence it had already considered in earlier proceedings. The evidence had already been considered and found insufficient to establish causation.

### 2. Screening order

The District asks us to "address the need for a pre-litigation screening order as a remedy so Ms. Parsons is collaterally estopped from" further litigation on her claim. The Board did not issue a screening order because the Board determined the applicable prehearing summary did not include this request and a Board regulation limits hearing issues to those listed in the prehearing summary.[29] The Commission affirmed the Board's decision about this issue, deciding that substantial evidence supported it.

We review the Board's application of its regulations to the facts of a case

---

[29] *See* 8 AAC 45.070(g) (limiting issues for hearing to those listed in prehearing summary).

for abuse of discretion.[30]  We see no abuse of discretion here.  The District did not request a screening order until after the prehearing summary had established the issues for hearing.

Moreover, the District failed to cross-appeal the Board's refusal to consider the issue and did not provide briefing to us or the Commission about why the Board erred in refusing to entertain the request.  The District asked the Commission for a screening order, not for review of the Board's application of its regulation to the case; it does so in its brief before us as well.  The District can petition the Board for an order if it so desires, but the Board is the appropriate adjudicator to consider the request in the first instance.

## V.  CONCLUSION

We AFFIRM the Commission's decision.

---

[30]  *Griffiths v. Andy's Body & Frame, Inc.*, 165 P.3d 619, 623 (Alaska 2007).