Dan **JACKSON** and Sandra Collins–Jackson, husband and wife, Appellants,

v.

Martin R. **BARBERO** and Delores Barbero, husband and wife, Appellees.

No. S–2925.

Supreme Court of Alaska.

June 30, 1989.

Melvin M. Stephens, II, Kodiak, for appellants.

Charles A. Winegarden, Kodiak, for appellees.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

## OPINION

### PER CURIAM.

The issue on appeal is whether the prevailing party of a contract dispute should be awarded full reasonable attorney's fees, as stipulated in the contract, or if the original contract is superseded by a subsequent agreement which does not mention attorney's fees. The superior court awarded partial attorney's fees. We hold that the original contract controls. We therefore remand the award back to the superior court to determine full reasonable attorney's fees.

### I. FACTS AND PROCEEDINGS

In June 1985, Dan Jackson and Martin and Delores Barbero signed a Residential Lease with Option to Purchase relating to 1423 Rezanof, Kodiak, Alaska. The agreement ("Lease/Option") provided that during the 12 month term of the agreement, the Jacksons were to pay $1,000 per month with an option to purchase the house for $133,500.

The Jacksons paid $5,000 as non-refundable consideration for the option. The agreement provided that $2,500 of that $5,000 was to be spent on materials to upgrade the energy efficiency of the house.

The Lease/Option also stated:

In any legal action brought by either party to enforce the terms hereof or relating to the demised premises, the prevailing party shall be entitled to all costs incurred in connection with such action, including a reasonable attorney's fee.

The Jacksons requested $2,500 to buy foam insulation and spruce siding. In June 1986, the Jacksons and the Barberos signed a Receipt and Agreement to Purchase ("Earnest Money Agreement") in order for the Jacksons to apply for financing at First National Bank of Anchorage. The terms of this agreement varied materially from the Lease/Option.[1]

The Jacksons were unable to qualify for the loan. They moved out of the house at the Barberos' direction, without installing the insulation and siding.

In January 1987, the Barberos sued the Jacksons, seeking damages for breach of the Lease/Option. They alleged damages for failure to purchase the house and for failure to install the insulation and siding.

The superior court found that the Jacksons were relieved of the obligation to buy the Barberos' house pursuant to the terms of the Earnest Money Agreement, because they failed to qualify for the AHFC loan, despite good faith efforts. The Jacksons were relieved of the obligation to install the insulation and siding because the Barberos had told them not to do so until and unless they qualified for financing. The court found the Jacksons liable for $155.92, the cost of returning the materials to Spenard Builder's Supply. The Barberos' account was fully credited for the cost of the returned materials, with the exception of the $155.92. The court also determined that the Jacksons were the prevailing party.

The Jacksons subsequently moved for $12,469 in attorney's fees, pursuant to the Lease/Option. On March 24, 1987, the superior court awarded the Jacksons $7,469, without stating if it was following Civil Rule 82 or the Lease/Option agreement. On appeal, the Jacksons submit that the superior court erred in awarding $5,000 less than their "reasonable attorney's fee."

### II. DOES THE EARNEST MONEY AGREEMENT SUPERSEDE THE LEASE/OPTION?

The Barberos argue that the Earnest Money Agreement supersedes the Lease/Option. They maintain that because the disclaimer is superseded, the clause concerning attorney's fees no longer applies.[2] We disagree. We conclude that the original contract governs the award.

---

1. As the superior court noted, terms differing included the price of the house and length of the closing deadline. Furthermore, the Jacksons became obligated to apply for an Alaska Housing Finance Corporation loan of $124,450, and to buy the Barberos' house if they obtained the loan.

2. The provision in the Lease/Option states:

■ Interpretation of a contract is a question of law, for which the reviewing court uses independent judgment. *A & G Construction Co., Inc. v. Reid Brothers Logging Co., Inc.,* 547 P.2d 1207, 1212–13 (Alaska 1976).

In *Ursin Seafoods, Inc. v. Keener Packing Co., Inc.,* 741 P.2d 1175, 1180–81 (Alaska 1987), this court held that a contract provision allowing the prevailing party "reasonable attorney fees" justified the trial court's award of full instead of partial attorney fees, since the plain meaning of a contract provision prevails over any limitation otherwise imposed by Civil Rule 82.

■ The Barberos filed a legal action to enforce the terms of the Lease/Option, not the Earnest Money Agreement. Furthermore, while some parts of the Earnest Money Agreement differed from and thus superseded the Lease/Option, the agreements were not directly contradictory. The Earnest Money Agreement said nothing about attorney's fees. Therefore, the clause in the Lease/Option still controls.

The language of the attorney's fees clause is clear and unambiguous. It applies to any dispute relating to the "demised premises" under the contract. Pursuant to that clause, the superior court must award the prevailing party full reasonable attorney's fees.

When a party is entitled to full reasonable attorney's fees, the court must determine "what portion of the requested fees are reasonable." It may consider "the reasonableness of the total time expended on the case, the hourly rate charged and any of the other components of a reasonable fee.... If the court finds that the full amount requested is unreasonable and awards a lesser sum, it must state its reasons on the record." *Hunsicker v. Thompson,* 717 P.2d 358, 360 (Alaska 1986).

In ordering a remand, this court does not imply approval or disapproval of the amount of attorney's fees which were initially awarded.

REMANDED for further proceedings consistent with this opinion.

DISCLAIMER: The parties acknowledge that speculation of availability of financing, purchase costs, and lender's prepayment penalties is impossible. Therefore, the parties agree that these items shall not be conditions of performance of this agreement....