**Michael VAN DEUSEN and Patricia Van Deusen, Appellants/Cross–Appellees,**

**v.**

**Mitch SEAVEY and Janine Seavey, individually and d/b/a Ididaride Sled Dog Tours, and Dan Seavey and Shirley Seavey, Appellees/Cross–Appellants.**

**Nos. S–9978, S–10057.**

Supreme Court of Alaska.

Aug. 23, 2002.

---

James N. Reeves and Thomas A. Dosik, Dorsey & Whitney, LLP, Anchorage, for Appellants/Cross–Appellees.

Sean Halloran, Hartig, Rhodes, Hoge & Lekisch, P.C., Anchorage, for Appellees/Cross–Appellants.

Before: FABE, Chief Justice, EASTAUGH, BRYNER, and CARPENETI, Justices.

*OPINION*

EASTAUGH, Justice.

## I. INTRODUCTION

The Van Deusens sued their neighbors, the Seaveys, to enjoin a private nuisance caused by numerous sled dogs kenneled on the Seaveys' property. The superior court denied an injunction. Did this denial collaterally estop the Van Deusens' second lawsuit to enjoin the Seaveys? We hold that it does because the Van Deusens have not demonstrated that there was any genuine factual dispute about whether the noise the dogs caused worsened after injunctive relief was denied in the first lawsuit. We therefore affirm the summary judgment against the Van Deusens in the second lawsuit. We nonetheless remand for consideration of the Seaveys' attorney's fees request because we conclude that the parties' dismissal stipulation did not preclude the Seaveys from seeking attorney's fees under Alaska Civil Rule 68.

## II. FACTS AND PROCEEDINGS

Daniel and Shirley Seavey have occupied their Seward homestead since 1964.[1] Michael and Patricia Van Deusen live on property adjacent to the Seaveys' property. The Van Deusens own "Trails North, Inc.," a seasonal tourist business that operates a fleet

---

1. *Trails North, Inc. v. Seavey*, Mem. Op. & J. No. 944, at 2 (Alaska, December 1, 1999).

of buses, maintains several guest cabins on the Van Deusens' property, and conducts area tours.[2]

Mitch Seavey, the Seaveys' son, is a professional dog musher.[3] Mitch and his wife Janine operate "IdidaRide Sled Dog Tours" on the Seaveys' property from May through September each year. During those months up to seventy-five dogs are kenneled on the Seaveys' property. The Van Deusens allege that the dogs' barking prevents them from sleeping and adversely affects their health.

The Van Deusens and Trails North first sued Daniel, Shirley, Mitch, and Janine Seavey for private nuisance in 1995, seeking both injunctive relief and damages. A jury heard the Van Deusens' damages claims and Superior Court Judge Jonathan H. Link, sitting as trier of fact, simultaneously heard their equitable claim. The jury found a nuisance for 1995 and 1996, awarded the Van Deusens $5,000 in damages, and rejected Trails North's claims.[4] Judge Link rejected the Van Deusens' request for injunctive relief. The superior court rendered final judgment in October 1997. It ruled that no party was a "prevailing party" eligible for attorney's fees or costs.

The Van Deusens appealed the denial of injunctive relief, and the Seaveys cross-appealed the denial of attorney's fees.

While these appeals were pending, the Van Deusens in 1997 filed a second complaint against the Seaveys. Superior Court Judge Harold M. Brown stayed proceedings in the 1997 lawsuit pending our resolution of the appeals in the 1995 lawsuit.

In February 1998 the Seaveys tendered a Civil Rule 68 offer of judgment to the Van Deusens to settle the 1997 lawsuit. The Van Deusens did not accept the offer. In 1999 we affirmed the superior court's denial of an injunction and its disallowance of attorney's fees in the first lawsuit.[5] The Seaveys then moved for summary judgment in the 1997 lawsuit. They contended that the Van Deusens' new damages claim was not coupled with an action to enjoin, as AS 09.45.230 arguably requires. The Van Deusens responded to this motion by amending their second complaint to seek injunctive relief and damages. The Seaveys then moved for partial summary judgment on the theory that res judicata barred the Van Deusens' claim for injunctive relief.

Judge Brown granted the Seaveys' partial summary judgment motion in July 2000. He held that res judicata barred the Van Deusens' injunctive relief claim; he allowed their damages claim to proceed. The parties then entered into a written stipulation agreeing to dismiss the damages claim.[6] The superior court issued a final judgment in November 2000. The court awarded the Seaveys Alaska Civil Rule 82 attorney's fees, but denied their request for an award of attorney's fees under Civil Rule 68.

The Van Deusens appeal the dismissal of their injunctive relief claim. The Seaveys cross-appeal the denial of their Rule 68 attorney's fees request.

## III. DISCUSSION

### A. The Superior Court Correctly Determined that the First Judgment Barred the Van Deusens' Second Action.

The Van Deusens argue that the conditions the Seaveys created are a temporary, continuing nuisance, giving rise to a series of causes of action. They therefore assert that res judicata does not bar their second lawsuit because it asserts a separate cause of action for a separate claim. They claim that their second action is based on "different circumstances," and that they presented evidence that conditions had changed, altering the "balance of equities."

The Seaveys argue in response that the claims the Van Deusens assert in their sec-

2. *Id.*

3. *Id.*

4. *Id.* at 3.

5. *Id.* at 19.

6. The Van Deusens assert on appeal that they voluntarily dismissed their damages claim "to more rapidly appeal the court's ruling that their claim for an injunction was barred by res judicata."

ond lawsuit are the same as the claims litigated in their first lawsuit. The Seaveys also assert that the Van Deusens have not shown that conditions have worsened.

■ Res judicata bars subsequent actions between the same parties on the same claim or claims that the parties were required to bring in the original action.[7] The closely related but distinguishable doctrine of collateral estoppel bars relitigation of previously decided factual or legal issues.[8] We consider first whether the alleged nuisance is temporary or permanent because this distinction determines which, if either, preclusion doctrine applies here.[9]

### 1. Because the claim alleges a temporary nuisance, res judicata does not apply.

■ The Van Deusens argue that the Seaveys' barking dogs create a temporary nuisance. They contend that "[t]he noise created by the Seaveys' dogs is clearly abatable, [and] it is in fact abated every fall when the majority of the dogs are removed from the Seavey property."

We have not previously addressed the distinction between a permanent and a temporary nuisance. Courts considering the issue have labeled a nuisance permanent when there is a high probability that the nuisance will continue and where the nuisance is "relatively enduring and not likely to be abated, either voluntarily or by an order of court."[10] But the nuisance allegedly created by the Seaveys' barking dogs is abatable because the dogs are removed every year from the Seaveys' property. Indeed, Mitch and Janine Seavey remove the dogs annually from the property adjacent to the Van Deusens' property in the normal course of IdidaRide's business operations.

■■ We hold that the nuisance allegedly created by the Seaveys' barking dogs is abatable and that as a matter of law it is temporary.[11] The doctrine of res judicata consequently does not apply here because a temporary nuisance gives rise to a new cause of action with each invasion or injury.[12]

### 2. Collateral estoppel bars the Van Deusens' second claim for injunctive relief.

■ We next consider whether collateral estoppel bars the Van Deusens' second claim for injunctive relief. The superior court denied the injunction the Van Deusens sought

---

7. *Alaska Contracting & Consulting, Inc. v. Alaska Dep't of Labor*, 8 P.3d 340, 344 (Alaska 2000) (citation omitted).

8. *Id.*

9. We will affirm the superior court's grant of summary judgment to the Seaveys if there are no genuine issues of material fact and if the Seaveys are entitled to judgment as a matter of law. *Holland v. Union Oil Co. of California, Inc.*, 993 P.2d 1026, 1029 (Alaska 1999). The Van Deusens, as the summary judgment opponents, are entitled to have the record reviewed in the light most favorable to them and to have all reasonable factual inferences drawn in their favor. *Id.*

10. *Kentucky–Ohio Gas Co. v. Bowling*, 264 Ky. 470, 95 S.W.2d 1, 5 (1936). *See also* 9 Richard Powell & Michael Allan Wolf, Powell on Real Property § 64.04[2], at 64–22 to 64–23 (2001) (citations omitted). The noise created by a gas company's pumping activities has been held to be a permanent nuisance to an adjacent homeowner. *Kentucky Ohio Gas*, 95 S.W.2d at 4–6. Nuisances are more likely to be labeled permanent if "the invasion is the kind of thing an equity court would refuse to abate by injunction because of its value to the community." *Beatty v. Washington Metro. Area Transit Auth.*, 860 F.2d 1117, 1123 (D.C.Cir.1988) (citing D. Dobbs, Remedies § 5.4, at 338 (1973)); *see also Kentucky–Ohio Gas*, 95 S.W.2d at 5 (holding gas company's pumping activities contribute to the local economy and provide utility services to local residents). But even nuisances created by activities providing substantial public benefits, such as operating a railway system, may be abatable if changes in operating procedures alleviate the nuisance without terminating service. *Beatty*, 860 F.2d at 1123–24. Because we hold that the nuisance complained of is temporary, we do not reach this factual inquiry in this case.

11. Citing AS 09.10.070, the Seaveys also argue that the Van Deusens' action is barred by the two-year statute of limitations. They argue that the nuisance complained of was created in 1993 and that any claim after 1995 is barred. The Seaveys' argument is based on the theory of permanent nuisance. Because we hold that the claimed nuisance is temporary and not permanent, claims after 1995 are not necessarily barred by AS 09.10.070.

12. *Beatty*, 860 F.2d at 1122.

in their first lawsuit because the court found and concluded that the Van Deusens "have failed to establish by clear and convincing evidence that the noise made by the IdidaRide dogs would, under similar circumstances, have disturbed a reasonable person and substantially interfered with a reasonable person's use or enjoyment of his property."

■ Collateral estoppel bars the relitigation of an issue when:

> (1) the party against whom the preclusion is employed was a party to ... the first action; (2) the issue precluded from relitigation is identical to the issue decided in the first action; (3) the issue was resolved by a final judgment on the merits; and (4) the determination of the issue was essential to the final judgment.[13]

The present dispute undeniably involves the same parties, and a final judgment was undeniably entered in the first lawsuit. But was the issue the same, and was it necessarily resolved by the first final judgment?

The Van Deusens argue that the underlying legal issue is different because the conditions may worsen and circumstances have changed since the superior court denied injunctive relief in the first action. They assert:

> More dogs may be added to the lot. Louder dogs may be added to the lot. Environmental conditions may change over the years. Mitigation efforts once thought to be effective may fail. The parties' ability to obtain legal recourse may change. All these are factual circumstances which must be weighed by the trial court, not summarily dismissed.

The Seaveys dispute the Van Deusens' claim and argue that conditions have not worsened.

The record does not support the Van Deusens' assertions. The Seaveys erected a sixteen-foot barrier in 1997 in an attempt to reduce the noise entering the Van Deusens' property. The Van Deusens claim that this mitigation effort by the Seaveys is ineffective. But assuming it is ineffective, the Van Deusens would still have to show that conditions have worsened since entry of the judgment in the first lawsuit; otherwise the legal issue in this case would be no different, and the Van Deusens' claim would be barred by collateral estoppel.[14] The Van Deusens made no showing of worsened conditions in opposing the Seaveys' motion for summary judgment. They have not demonstrated that a reasonable fact finder, taking all permissible factual inferences in favor of the Van Deusens, could find that conditions worsened since entry of the 1997 final judgment.[15] There is no indication in their joint affidavit supporting their opposition to the Seaveys' motion for summary judgment that conditions worsened since their first suit was resolved. The affidavit does not assert or permissibly imply that the noise has worsened, only that the Van Deusens' ability to bear the noise has lessened and that mitigation efforts have been unsuccessful. In comparison, the Seaveys point to passages in the record in which the Van Deusens testified that there has been some noise reduction due to the erection of the wall since the first trial and admitted to the superior court that "the conditions that created the nuisance have not changed."

The 1997 final judgment denying injunctive relief to the Van Deusens in their first lawsuit was expressly based on Judge Link's findings and conclusions that the Van Deusens failed to prove either a nuisance or their entitlement to an injunction. Thus, absent a demonstration that conditions had changed, the critical issue in the second lawsuit— whether there is a nuisance entitling the Van Deusens to an injunction—is identical to the issue decided against them in the first lawsuit. It also means that the issue was re-

---

13. *Alaska Contracting*, 8 P.3d at 344–45 (citations omitted).

14. *Andrews v. Wade & De Young, Inc.*, 875 P.2d 89, 92 & n. 9 (Alaska 1994).

15. *See D.J. v. P.C.*, 36 P.3d 663, 669 (Alaska 2001) (stating that non-movant in summary judg-

ment motion is "required, in order to prevent entry of summary judgment, to set forth specific facts showing that [non-movant] could produce admissible evidence reasonably tending to dispute or contradict the movant's evidence, and thus demonstrate that a material issue of fact exists") (internal quotations and citations omitted).

solved by a final judgment and that resolution of the issue was essential to the final judgment.

Collateral estoppel therefore bars the Van Deusens' second attempt to enjoin the Seaveys. Because there were no genuine issues of material fact about whether circumstances had changed, the superior court did not err in granting summary judgment to the Seaveys.[16]

### B. The Van Deusens' Remaining Arguments Do Not Require Reversal.

■ The Van Deusens argue that oral comments made by Judge Link in April 1997 indicate that the superior court did not intend the denial of injunctive relief to preclude the Van Deusens from bringing a future suit seeking an injunction. The Seaveys respond that the superior court's statements were "nothing more than ... off-hand remarks."

Judge Link orally stated in April 1997: "If you were to think that this decision ... prevents this thing from being relitigated, you'd have the wrong thought." But Judge Link's September 1997 findings of fact and conclusions of law and his October 1997 final judgment are controlling. The September 1997 written findings and conclusions denied the Van Deusens' request for injunctive relief. As we noted in Part III.A.2, the Van Deusens offered no evidence permitting them to avoid the resulting bar against relitigating the nuisance issue and the request for a injunction. The superior court's April 1997 oral comments do not alter this conclusion.

■ The Van Deusens also argue that they are left with no legal remedy if preclusive effect is given to the first action, because AS 09.45.230 requires that damage suits in

private nuisance actions be accompanied by a request for an injunction.[17] But AS 09.45.230 does not preclude the Van Deusens from requesting damages. It only requires that they include with their request a claim for injunctive relief. The statute does not require that the action for injunctive relief be successful. This may seem a circuitous route for recovering damages for a temporary nuisance in a civil action, but it does not leave the Van Deusens without "an adequate remedy at law." Moreover, evidence of a genuine change in circumstances would overcome the bar against relitigation because the underlying dispute would no longer be "identical to the issue decided in the first action."[18]

### C. The Seaveys' Civil Rule 68 Attorney's Fees Request Must Be Considered on Remand.

■ The superior court awarded the Seaveys attorney's fees of $8,499.40 under Civil Rule 82(b)(2), but the Seaveys argue in their cross-appeal that the court erred by failing to grant their request for attorney's fees under Civil Rule 68 (because they made a successful offer of judgment), or for enhanced attorney's fees under Civil Rule 82(b)(3).[19]

After the superior court granted partial summary judgment against the Van Deusens on their injunctive relief claim, the parties entered into a stipulation to dismiss the Van Deusens' remaining claims. The stipulation stated that "the Seaveys should timely file any motion they may bring for an award of costs and fees in accordance with the law." The superior court read the stipulation to allow for an award of attorney's fees. But it noted that the stipulation did not mention Rules 37 or 68, that Rule 82 is the "most

---

**16.** Our affirmance on this ground makes it unnecessary for us to reach the Seaveys' alternative arguments for affirming.

**17.** AS 09.45.230 states in part:

(a) A person may bring a civil action to enjoin or abate a private nuisance. Damages may be awarded in the action.

. . . .

(e) Notwithstanding other provisions of the law, ... a person may not bring a civil action to enjoin or abate a private nuisance or to

recover damages for a private nuisance unless the action is authorized by this section.

**18.** *Alaska Contracting,* 8 P.3d at 344.

**19.** The Seaveys also claim that the court should have granted their request for Civil Rule 37 fees, but they have not demonstrated on appeal any facts potentially justifying a Rule 37 award as a discovery sanction against the Van Deusens. They have therefore not demonstrated that they were prejudiced by any error in declining to consider their Rule 37 fees request.

common mechanism" for awarding fees, and that the agreed-upon final judgment form characterized the Seaveys as "the prevailing parties" (a prerequisite only for awards under Rule 82). It therefore read *Sanders v. Barth*[20] to deny it authority to consider the Seaveys' request for fees under Rules 37 or 68.[21] We held in *Sanders* that "[a]n agreement's silence as to fees . . . may be seen as a meaningful part of the parties' overall bargain which we should not disturb."[22]

■■■ The Seaveys argue that *Sanders* does not apply because the Seaveys and Van Deusens never entered into a settlement agreement. They contend instead that they "won this case" on summary judgment, that they then stipulated to dismissal of the remaining claims, and that the final judgment was based on their summary judgment. They assert alternatively that the stipulation did not preclude them from seeking a fee award under any applicable procedural rule, including Rule 68. The Van Deusens respond that *Sanders* applies because: (1) the parties settled the claims covered by the Rule 68 offer of judgment; (2) Rule 68 applies to claims, not cases; (3) the stipulation is silent about Rule 68; and (4) the final judgment form refers to "prevailing parties," indicating that the parties only contemplated an award under Rule 82, not Rule 68.[23]

The superior court appropriately looked to *Sanders* in deciding whether the stipulation—which agreed to dismiss the Van Deusens' remaining claims—foreclosed or limited the Seaveys' potential claims for attorney's fees. But in *Sanders*, the parties' silence on the topic of fees precluded any fees claim. That is not the situation here. The parties agreed in the stipulation that "[f]inal judgment should be entered in favor of the Seaveys, and the Seaveys should timely file any motion they may bring for an award of costs and fees in accordance with law."

Applying our independent judgment in interpreting the stipulation and the agreement it contains, we conclude that it did not expressly or impliedly limit the type of claim the Seaveys might make for an award of attorney's fees. The stipulation does not mention any procedural rule, including Rule 82. The reference in the proposed final judgment to the Seaveys as "the prevailing parties" is not determinative, and would not have prevented the court from awarding enhanced attorney's fees under Rule 82(b)(3) had it chosen to do so in its discretion.

Further, assuming that no waiver occurred, the court would have been required to award fees under Rule 68 because the rule's requirements are not discretionary.[24] Whether the rule applies in a given case is a matter of law, even though we review the

---

**20.** 12 P.3d 766, 767 (Alaska 2000) (holding absence of attorney's fees provision in settlement agreement barred party from receiving fees). *But see DeSalvo v. Bryant,* 42 P.3d 525, 530 n. 21 (Alaska 2002) (declining to apply *Sanders* rule where party bypassed opposing party's counsel in reaching settlement).

**21.** The superior court stated:
> Considering the lack of mention of Rules 68 or 37 in the stipulation, the role of Rule 82 as the most common mechanism for awarding fees, and the parties' agreement that the Seaveys are the prevailing party . . ., the court interprets the parties' stipulation as an agreement to an award of Rule 82 fees and a settlement and waiver of all other theories upon which fees could be awarded.

**22.** *Sanders,* 12 P.3d at 769–70 (citation omitted).

**23.** We review the superior court's award of attorney's fees for an abuse of discretion. *Thorstenson v. ARCO Alaska, Inc.,* 780 P.2d 371, 376 (Alaska 1989). We apply our independent judg-

ment in reviewing the superior court's interpretation of the stipulation and the final judgment to determine the parties' intentions. *Jackson v. Barbero,* 776 P.2d 786, 788 (Alaska 1989) ("Interpretation of a contract is a question of law, for which the reviewing court uses independent judgment." (citation omitted)).

**24.** Civil Rule 68, as it read at times relevant to this appeal, stated in part:
> . . . (b) If the judgment finally rendered by the court is at least 5 percent less favorable to the offeree than the offer, . . . the offeree, whether the party making the claim or defending against the claim, shall pay all costs as allowed under the Civil Rules and shall pay reasonable actual attorney fees incurred by the offeror from the date the offer was made. . . .

Alaska R. Civ. P. 68(b). The Van Deusens' Anchorage counsel mailed their complaint to Kenai Superior Court on about August 13, 1997. The quoted version of Rule 68(b) applies to cases filed after August 7, 1997. Alaska Supreme Court Order No. 1281 ¶ 17 (August 7, 1997).

amount of a Rule 68 award for abuse of discretion. We therefore do not read the stipulation to have foreclosed the Seaveys from attempting to demonstrate that they made a successful offer of judgment entitling them to fees under Rule 68.

The Seaveys have demonstrated potential prejudice. Their February 1998 Rule 68 offer of judgment "allow[ed] judgment to be entered against [the Seaveys] in complete satisfaction of all claims of any type what-so-ever, in the amount of $20,000." The Van Deusens did not accept the offer. The summary judgment rejected the Van Deusens' claim for injunctive relief and the final judgment dismissed all claims; this ended the litigation without giving the Van Deusens any relief or damages. It therefore appears that the final judgment was at least five percent less favorable to the Van Deusens than the Seaveys' Rule 68 offer.[25] Because the stipulation clearly contemplated an award of attorney's fees, did not specify that fees could only be recovered under Rule 82, and did not preclude recovery under Rule 68, we hold that it was error not to consider the ·Seaveys' Rule 68 fees request.[26] We remand for consideration of that claim.

## IV. CONCLUSION

Because the Van Deusens have not demonstrated that there is a genuine factual dispute about whether the conditions changed since judgment in their first lawsuit, collateral estoppel bars their second lawsuit. We therefore AFFIRM the superior court's grant of summary judgment to the Seaveys. We REMAND for consideration of the Seaveys' application for Rule 68 attorney's fees.

25. *Id.*

26. We are unpersuaded by the Seaveys' additional claim that it was error not to consider their request for enhanced attorney's fees under Rule 82(b)(3). The superior court treated the stipulation as permitting a Rule 82 award; it treated the stipulation as barring a Rule 68 fees request, but there is no indication it thought the stipulation precluded consideration of a request seeking fees under Rule 82(b)(3). The reasons it gave for

its ruling suggest that it did not consider the stipulation to foreclose an enhanced fee award. A trial court has discretion to apply the presumptive standard of Rule 82(b)(2); it does not abuse its discretion if it awards fees under subpart (b)(2) without giving reasons for not awarding enhanced fees under subpart (b)(3). *Moody Herrera v. State, Dep't of Natural Res.*, 967 P.2d 79, 90 (Alaska 1998).