**Daniel DeNARDO, Appellant,**

v.

**CALISTA CORPORATION and Alaska Newspapers, Inc., Appellees.**

**No. S–11183.**

Supreme Court of Alaska.

April 22, 2005.

Daniel DeNardo, pro se, Anchorage.

Joan E. Rohlf and Pamela D. Weiss, Guess & Rudd P.C., Anchorage, for Appellees.

Before: BRYNER, Chief Justice, MATTHEWS, EASTAUGH, FABE, and CARPENETI, Justices.

*OPINION*

EASTAUGH, Justice.

## I. INTRODUCTION

Plaintiff filed three state and federal lawsuits against his former employer. After the first two actions were dismissed, the superior court dismissed his third, holding it was barred by res judicata and the judicial policy against claim splitting. Plaintiff appeals. Because the stipulated terms of the dismissal in the first state court action preserved the plaintiff's non-federal claims, neither res judicata nor the doctrine against claim splitting bars the third action. We therefore vacate the dismissal order in the third action and remand for further proceedings.

## II. FACTS AND PROCEEDINGS

Daniel DeNardo filed three state and federal lawsuits against his former employer, Alaska Newspapers, Inc., (ANI) and its majority shareholder, Calista Corporation. ANI had employed DeNardo as an advertising sales representative from October 1999 until his termination in July 2000. It is the superior court's dismissal of the last-filed of these three lawsuits, on grounds of res judicata and the policy against claim splitting, that leads to this appeal.

**First lawsuit.** DeNardo filed his first lawsuit against ANI, Calista, and eight former co-workers in state superior court in July 2000. His complaint in Case No. 3AN–00–8753 CI alleged numerous claims, including breach of contract, retaliation for filing claims with the Department of Labor and the Equal Employment Opportunity Commission, and negligent and intentional infliction of emotional distress based on harassment by, and favoritism toward, some of ANI's female employees. DeNardo amended his complaint on August 7, 2000, but the changes are not material for purposes of this appeal.

**Second lawsuit.** In October 2000 DeNardo filed his second lawsuit against Calista and ANI. He brought this action in federal court in Case No. A00–309–CV, and based his claims on the same facts asserted in his state court action. The federal complaint alleged state law claims of negligent and intentional infliction of emotional distress and federal law claims of gender discrimination and sexual harassment under 42 U.S.C. § 2000(e)–2000(e)(17) (Title VII).

Calista and ANI removed Case No. 3AN–00–8753 CI, the state court action, to federal court in November 2000, where it became Case No. A00–351–CV; in December defendants moved for consolidation of the two federal cases. United States District Judge H. Russel Holland ordered consolidation, but in April 2001 remanded Case No. A00–351–CV to state court while retaining jurisdiction over Case No. A00–309–CV.

Following this remand, DeNardo offered to dismiss his now-remanded state court action, Case No. 3AN–00–8753 CI. The defendants accepted his offer, and on April 27, 2001, the parties signed a three-paragraph stipulation prepared by defense counsel for dismissal of Case No. 3AN–00–8753 CI with prejudice.[1] In May 2001 Superior Court Judge Elaine M. Andrews signed defense counsel's proposed order granting "the Stipulation to Dismiss With Prejudice."

Calista and ANI then moved for dismissal of the remaining federal action, Case No. A00–309–CV, contending that as tribal entities they could not be sued under Title VII,

---

1. The stipulation provided, in part:
 [T]he claims asserted by plaintiff in [Case No. 3AN–00–8753 CI] ... against all defendants are dismissed in their entirety, with prejudice....

 This stipulation does not affect plaintiff's claims against Calista Corporation and Alaska Newspapers, Inc. in ... A00–309 ... currently pending in the U.S. District Court for the District of Alaska.

because neither was an "employer." The United States District Court granted their motion in November 2001. Judge Holland's memorandum dismissal order stated, however, that because the court had no original jurisdiction over the Title VII claim, it "declines to exercise supplemental jurisdiction over plaintiff's state law claim for the infliction of emotional distress." The order also stated that it "is without prejudice to pursuit of any state law claims plaintiff may have in state court." The United States Court of Appeals for the Ninth Circuit affirmed the dismissal in 2002.

**Third lawsuit.** In December 2001, after his first state action and his federal action were dismissed, DeNardo commenced his third lawsuit by filing a superior court complaint in Case No. 3AN–01–12484 CI against Calista and ANI. This complaint was based on the same facts alleged in the first state court action. It expressly asserted a claim of discrimination by Calista and ANI against him in violation of AS 18.80. It indirectly asserted claims of negligent and intentional infliction of emotional distress.

Calista and ANI moved to dismiss Case No. 3AN–01–12484 CI on the basis of res judicata and the doctrine against claim splitting. Superior Court Judge Phillip R. Volland granted their motion on those grounds. DeNardo requested withdrawal of the dismissal stipulation filed in Case No. 3AN–00–8753 CI, but the superior court denied his request. DeNardo appeals the court's dismissal of Case No. 3AN–01–12484 CI and its denial of his request to withdraw his dismissal stipulation in Case No. 3AN–00–8753 CI.

Unless context dictates otherwise, we refer collectively to the appellees as "Calista."

## III. DISCUSSION

### A. Standard of Review

 Whether res judicata applies is a question of law, an issue that we review de novo.[2] We interpret stipulations using the rules of contract interpretation.[3] We review the interpretation of contracts, and thus stipulations, de novo.[4]

### B. Res Judicata Does Not Bar DeNardo's Claims of Negligent Infliction of Emotional Distress, Intentional Infliction of Emotional Distress, and Discrimination.

The parties disagree about whether the dismissals entered in DeNardo's two previous lawsuits bar his third lawsuit. Resolution of this issue requires us to consider the effect of the superior court dismissal stipulation and the federal court dismissal order.

### 1. Parties' contentions

DeNardo argues that a stipulation will not be construed to give effect to a waiver of a right not plainly intended to be relinquished.[5] He argues that a stipulation must be construed according to the parties' intention as expressed in the document's language.[6] DeNardo contends that the dismissal stipulation's terms preserved the discrimination claim regardless of which court had jurisdiction over it. He argues that the federal court dismissed the discrimination claim because it lacked jurisdiction; he contends that jurisdictional dismissals have no res judicata

**2.** *Tru–Line Metal Prods., Inc. v. United States Fabrication & Erection,* 52 P.3d 150, 153 (Alaska 2002).

**3.** *See Van Deusen v. Seavey,* 53 P.3d 596, 603 n. 23 (Alaska 2002) ("We apply our independent judgment in reviewing the superior court's interpretation of the stipulation and the final judgment to determine the parties' intentions.") (citing *Jackson v. Barbero,* 776 P.2d 786, 788 (Alaska 1989) ("Interpretation of a contract is a question of law, for which the reviewing court uses independent judgment.")). *See also Jones v. World Life Research Inst.,* 60 Cal.App.3d 836, 131 Cal. Rptr. 674, 677 (1976) ("If interpretation of a stipulation is in order the rules applied are those applied to the interpretation of contracts.") (quoting *Harris v. Spinali Auto Sales, Inc.,* 202 Cal.App.2d 215, 20 Cal.Rptr. 586, 589 (1962)).

**4.** *See Van Deusen,* 53 P.3d at 603. *See also Traynor v. Thomas & Betts Corp.,* 260 Wis.2d 345, 659 N.W.2d 158, 162 (App.2003) ("Construction of a stipulation is a question of law that we review independently.").

**5.** *Godfrey v. Hemenway,* 617 P.2d 3, 8 (Alaska 1980).

**6.** *Kershaw v. Pierce Cattle Co.,* 87 Idaho 323, 393 P.2d 31, 34 (1964).

effect.[7] He also seems to argue that his first state action did not include a discrimination claim under AS 18.80 and that therefore the dismissal in his first state court action cannot bar his current discrimination claim.

Calista argues that under the doctrine of res judicata, dismissal of the first state lawsuit bars the present lawsuit. It asserts that all elements are present to give res judicata effect to the stipulated dismissal. It states that a dismissal entered pursuant to a stipulation for dismissal of claims with prejudice has the same res judicata effect as a final judgment entered after trial.[8] It therefore contends that the order granting the stipulation to dismiss with prejudice is a final judgment for res judicata purposes. It also argues that the superior court in the first state action had jurisdiction and that the same parties are involved in both state actions. Calista argues that DeNardo does not dispute that he could have asserted a claim for discrimination under AS 18.80.220 in his first action. It therefore reasons that the stipulated dismissal resolved not only the claims specifically brought, but also the claims DeNardo could have brought under AS 18.80.220.[9] It also argues that we should not permit DeNardo to prolong this litigation by splitting his claim.[10]

## 2. DeNardo's prior claims and the stipulated dismissal

 DeNardo's original and amended complaints in his first state court action, Case No. 3AN–00–8753 CI, alleged, among other causes of action, claims for negligent and intentional infliction of emotional distress. They also stated that Calista and ANI "sexually discriminated" against DeNardo, although the complaints did not explicitly refer to AS 18.80. The discrimination claim relied on the same facts as the negligent and intentional infliction of emotional distress claims. We have held that "the pleadings of pro se litigants should be held to less stringent standards than those of lawyers."[11] This proposition reflects a policy against finding unintended waiver of claims in technically defective pleadings filed by pro se litigants.[12] We therefore conclude that DeNardo's complaints in Case No. 3AN–00–8753 CI encompassed a statutory state-law based sex discrimination claim even though they did not refer specifically to AS 18.80.[13] Alaska Statute 18.80.220(a) makes it unlawful for an employer to discriminate unjustifiably against a person because of the person's sex.[14]

---

**7.** *Tru–Line Metal Prods., Inc. v. United States Fabrication & Erection*, 52 P.3d 150, 154 (Alaska 2002).

**8.** *Tolstrup v. Miller*, 726 P.2d 1304, 1306 (Alaska 1986).

**9.** *Id.*

**10.** *See DeNardo v. State*, 740 P.2d 453, 457 (Alaska 1987).

**11.** *Breck v. Ulmer*, 745 P.2d 66, 75 (Alaska 1987); *see also Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam) (stating that Court holds pleadings of pro se complainants "to less stringent standards than formal pleadings drafted by lawyers"); *Gilbert v. Nina Plaza Condo Ass'n*, 64 P.3d 126, 129 (Alaska 2003) ("We have indicated, for example, that courts should generally hold the pleadings of pro se litigants to less stringent standards than those of lawyers.").

**12.** *See Zok v. State*, 903 P.2d 574, 576 n. 2 (Alaska 1995) (holding that appellant waived issue, "*even applying a more lenient standard* for [appellant] as a pro se litigant") (emphasis add-

ed). *See also Castro v. United States*, 540 U.S. 375, 381–82, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003) (noting that "[f]ederal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category ... *in order to avoid an unnecessary dismissal*, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis.") (internal citations omitted) (emphasis added).

**13.** *See Smith v. Sampson*, 816 P.2d 902, 906 (Alaska 1991) (relaxing requirement of Appellate Rule 210(e) and discussing pro se appellant's due process claims not listed in points of appeal); *Wilkerson v. State, Dep't of Health & Soc. Servs., Div. of Family & Youth Servs.*, 993 P.2d 1018, 1022 (Alaska 1999) (concluding that pro se appellant's "failure to identify and apply the precise legal tests for determining a violation of those constitutional provisions is not fatal" when "those tests are well established and could have been easily applied by the superior court").

**14.** AS 18.80.220(a) provides, in part:

The dissent argues at 336–37 that DeNardo's position on appeal, which disavows any intent to assert a claim under AS 18.80 in his original state complaint, precludes us from reading that complaint as encompassing such a claim. The dissent's discussion of DeNardo's complaint and the stipulation might be compelling if DeNardo had been represented by counsel. But given the leniency with which we interpret the pleadings of pro se litigants, we think that focusing on DeNardo's current understanding of his original pleadings is misplaced. A pro se litigant's interpretation of his own complaint need not be determinative of what it actually pleads; the court must exercise its independent judgment in determining what claims the complaint's words assert. DeNardo's recitation of facts and use of the term "sexually discriminated" in his first complaint establish that it pleaded a AS 18.80 claim, his *post hoc* explanation of his pleading intentions notwithstanding.[15]

Although DeNardo's present interpretation of his first complaint is not determinative of what claims that complaint alleged, his contemporaneous understanding of the meaning of the stipulation for dismissal is relevant to its interpretation. As to this issue, DeNardo contends on appeal that he understood the stipulation to preserve his claims then pending in federal court.

DeNardo's federal complaint in Case No. A00–309–CV asserted state-law based claims of negligent and intentional infliction of emo-

tional distress as well as federal-law based claims of discrimination. The federal complaint alleged the same facts pleaded in the state law discrimination claim in Case No. 3AN–00–8753 CI; the complaint in Case No. A00–309–CV therefore should be read to include the same claims as the complaint in Case No. 3AN–00–8753 CI. For that reason, and given our leniency in interpreting the pleadings of pro se litigants,[16] we read the federal complaint in Case No. A00–309–CV to have asserted: (1) a federally based discrimination claim, (2) a state-law based discrimination claim, and (3) state-law based negligent and intentional infliction of emotional distress claims.

The claims asserted in that federal action are important, given the terms of the stipulation for dismissal signed by the parties in Case No. 3AN–00–8753 CI. To determine the res judicata effect of the stipulated dismissal, it is necessary to determine the stipulation's effect.

After the first state action was removed to federal court and then remanded to the superior court, the parties signed the stipulation dismissing Case No. 3AN–00–8753 CI with prejudice.[17]

▮ Res judicata applies if: "(1) a court of competent jurisdiction, (2) has rendered final judgment on the merits, and (3) the same cause of action and same parties or

---

Except as provided in (c) of this section [inapplicable here], it is unlawful for

(1) an employer to refuse employment to a person, or to bar a person from employment, or to discriminate against a person in compensation or in a term, condition, or privilege of employment because of the person's race, religion, color, or national origin, or because of the person's age, physical or mental disability, sex, marital status, changes in marital status, pregnancy, or parenthood when the reasonable demands of the position do not require distinction on the basis of age, physical or mental disability, sex, marital status, changes in marital status, pregnancy, or parenthood;

. . . .

(4) an employer, labor organization, or employment agency to discharge, expel, or otherwise discriminate against a person because the person has opposed any practices forbidden under AS 18.80.200—18.80.280 or because the

person has filed a complaint, testified, or assisted in a proceeding under this chapter. . . .

**15.** *Cf. Leis v. Hustad,* 22 P.3d 885, 888 (Alaska 2001) (giving little weight in property division case to party's trial testimony about intent regarding transmutation of property because parties' actions during marriage are more probative).

**16.** *See supra* note 11. *See also Castro,* 540 U.S. at 381–82, 124 S.Ct. 786 (noting federal court policy of recharacterizing pro se litigant's motions in order to avoid unnecessary dismissal or inappropriately stringent application of formal labeling requirements, or to align substance of pro se motion's claim with its legal basis).

**17.** Recall that the defendants removed the first state case to the federal court, where it became Case No. A00–351–CV. The federal court later remanded Case No. A00–351–CV to the superior

their privies were involved in both suits." [18] In *Plumber v. University of Alaska Anchorage* we discussed whether a stipulation for dismissal with prejudice could give rise to res judicata:

> [A] stipulation to dismiss claims with prejudice is sufficient for *res judicata* purposes: "[A] stipulation [to dismiss claims with prejudice] is just as valid as a final judgment resulting from a trial on the merits, and is res judicata as to all issues that were raised or could have been determined under the pleadings." [19]

There is no dispute that the first and third requirements for res judicata are present here. The parties do not dispute the superior court's jurisdiction in the first state action. It is also undisputed that the parties in both the first state action and the present action included DeNardo, Calista, and ANI, and that causes of action are the same in both lawsuits.

But there is a dispute concerning the second requirement. The parties do not dispute that the superior court rendered a final judgment on the merits when it "granted" the stipulation to dismiss with prejudice in Case No. 3AN–00–8753 CI, but they disagree about what claims the dismissal actually resolved.[20]

■ Res judicata based on a stipulated dismissal does not prevent a plaintiff from bringing a cause of action that was expressly reserved for later adjudication.[21] A stipulation may reserve a claim for later litigation, and courts will not construe the stipulation to

waive rights "not plainly intended to be relinquished." [22] We recognize that "courts look with favor on stipulations designed to simplify, shorten or settle litigation, or to save costs and will not give such stipulations a forced construction." [23] Moreover, the "language purporting to reserve a claim must be explicit, so that 'the parties not only ha[ve] an opportunity to dicker over the language, but [are] thereafter on notice about which claims were reserved and which were not.' Blanket reservations of rights will not suffice." [24]

■ We therefore turn to the stipulation to determine which claims DeNardo preserved.

Defendants' counsel drafted the stipulation in Case No. 3AN–00–8753 CI, and DeNardo and defendants' attorney signed it on April 27, 2001. The first paragraph stated that "the claims asserted by [DeNardo] in [Case No. 3AN–00–8753 CI] ... against all defendants are dismissed in their entirety, with prejudice." But the second paragraph stated that "[t]his stipulation does not affect plaintiff's claims against Calista Corporation and Alaska Newspapers, Inc. in ... A00–309 Civ ...., currently pending in the U.S. District Court for the District of Alaska." Therefore, even though DeNardo agreed in the first paragraph to a dismissal with prejudice of the claims he had asserted in his first state court action, the second paragraph preserved his claims against Calista and ANI then pending in federal court as of April 27, when the parties signed the stipulation. The

---

court and retained jurisdiction over Case No. A00–309–CV.

**18.** *DeNardo v. Municipality of Anchorage*, 775 P.2d 515, 517 (Alaska 1989).

**19.** *Plumber v. Univ. of Alaska Anchorage*, 936 P.2d 163, 166 (Alaska 1997) (quoting *Tolstrup v. Miller*, 726 P.2d 1304, 1306 (Alaska 1986)); *see also DeNardo v. State*, 740 P.2d at 456 ("It is settled that res judicata precludes relitigation by the same parties, not only of claims raised in the first proceeding, but also of those relevant claims that could have been raised.").

**20.** DeNardo incorrectly contends that the dismissal of a complaint does not affect rights not asserted in the complaint. It is clear that res judicata, through the doctrine of claim preclusion, also bars claims that could have been

brought in the first action. *See, e.g., Plumber*, 936 P.2d at 166.

**21.** *See Tope v. Christianson*, 959 P.2d 1240, 1245 (Alaska 1998) ("Res judicata does not prevent a debtor from suing on a cause of action that the debtor expressly reserved for later adjudication.").

**22.** *Godfrey*, 617 P.2d at 8 (quoting *State by & Through State Highway Comm'n v. Feves*, 228 Or. 273, 365 P.2d 97, 102 (1961)).

**23.** *Id.*

**24.** *Tope*, 959 P.2d at 1245 (citation omitted) (quoting *D & K Props. Crystal Lake v. Mut. Life Ins. Co.*, 112 F.3d 257, 261 (7th Cir.1997)).

claims then pending in federal court included claims for negligent and intentional infliction of emotional distress and discrimination.

The stipulation is ambiguous, because it did not clearly explain how to resolve claims that were pending, as of April 27, 2001, in both state and federal court, i.e., claims encompassed by both the first and second paragraphs of the stipulation. The dissent correctly notes that a dismissal "with prejudice" usually bars a plaintiff from refiling the same claim in the same court.[25] But given the ambiguity introduced by the stipulation's second paragraph, we cannot conclude that the first paragraph's dismissal of claims "with prejudice" bars this action before we resolve which claims the stipulation dismisses and which claims it preserves.

█ We conclude, for three reasons, that the stipulation should not be read to foreclose the claims reserved by the second paragraph. First, we hold pro se litigants to less stringent standards.[26] Second, we construe the ambiguous terms of the document contrary to the preparer of the document, Calista's counsel.[27] Third, we interpret waiver language narrowly.[28]

This reading does not render the stipulation a nullity from its inception; when the parties entered into the stipulation, the federal court had not yet ruled that Calista was not an "employer." Parties entering into the stipulation could have rationally assumed that the federal court, in resolving the Title VII claim, would also resolve the pendent

emotional distress claims. Given the litigation history of the employment dispute, parties could have rationally thought it was desirable to attempt to resolve all remaining claims, including the Title VII claim and the "state law claims," in a single forum in a single proceeding.

Two circumstances might justify a different outcome. First, the policy of favoring stipulations to simplify or settle litigation favors reading the two paragraphs in a way that avoids conflict. Second, extrinsic evidence might help resolve the apparent ambiguity: DeNardo's April 20, 2001 offer to enter into a stipulation implies that he was willing to dismiss his entire state court action; it stated that he wished only to "maintain the prosecution of his Title VII action in the federal court." The text of his dismissal offer would support a conclusion that he only intended to prevent a stipulated state court dismissal from interfering with the federal court proceeding (perhaps through any res judicata effect the proposed dismissal could have on the federal action). This would support a conclusion that the reservation in the stipulation was not necessarily intended to permit DeNardo to begin a new state court action asserting claims that were "in the federal court" only through exercise of that court's pendant jurisdiction.

But the stipulation's reservation was not as limited as DeNardo's offer. Furthermore, the stipulation explicitly preserved DeNardo's *claims* then pending in federal court,[29]

25. *See DeNardo v. Barrans*, 59 P.3d 266, 268 (Alaska 2002) (barring plaintiff from filing same claims dismissed in federal court for failure to proceed with trial in state court on res judicata grounds).

26. *See supra* note 12. *Castro's* policy against unintentional waiver of claims through technical pleading defects by pro se litigants suggests that application of lenient standards is appropriate when they stipulate to dismiss some, but not all, of their claims. *See Castro v. United States*, 540 U.S. 375, 381–82, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003). We therefore interpret leniently the stipulation to dismiss.

27. *Klosterman v. Hickel Inv. Co.*, 821 P.2d 118, 123 n. 6 (Alaska 1991) ("Applying an established rule of contract construction, we will construe the ambiguity against the party that supplied the contract."); *Wessells v. State, Dep't of Highways*,

562 P.2d 1042, 1050 (Alaska 1977) (stating it is established rule of construction that "ambiguities are construed against the party that supplied and drafted the form").

28. *Godfrey*, 617 P.2d at 8. *See also* Alaska Civil Rule 41(a) ("Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice . . . .").

29. That DeNardo has not asserted a contemporaneous understanding that the stipulation specifically preserved his AS 18.80 claim does not preclude an interpretation of the stipulation as preserving that claim. DeNardo claims he understood the stipulation more generally as preserving all claims then pending in federal court.

Because DeNardo, as a pro se litigant, is entitled to a lenient interpretation of his federal complaint, his understanding of the stipulation

not the *forum* where those claims were then pending. That the stipulation described the claims to be preserved as those then pending in the federal court did not preclude their later adjudication in state court. Instead, because the stipulation did not state that the preserved claims would be barred in state court if they were not finally adjudicated in federal court, it did not designate the federal court as the exclusive forum for the preserved claims. Despite the apparent dismissal with prejudice of the disputed claims in state court, their dismissal in state court was without prejudice because they were among the pending federal claims expressly preserved.

The dissent argues at 337 that we err by giving DeNardo relief on "unraised substantive grounds" that differ substantially from the issues that the parties actually briefed. In our view, DeNardo raised the grounds on which our holding rests when he asserted in his opening brief that the second paragraph of the stipulation preserved all claims then pending in federal court.

Because DeNardo's first state court complaint and his federal complaint both included AS 18.80 claims and the stipulation preserved all claims in DeNardo's federal complaint, we conclude that the stipulation does not prevent DeNardo from litigating his AS 18.80 claim in state court.

### 3. The federal court's dismissal

■ We now turn to Judge Holland's dismissal order to determine what claims remained after he dismissed DeNardo's federal case. At least in theory, the federal dismissal order could have res judicata effect. But the federal dismissal order declined to rule on the merits of DeNardo's non-federal claims. The federal court's November 2001 order dismissing Case No. A00–309–CV recognized that "[h]aving dismissed plaintiff's

Title VII claims, the only claims remaining are plaintiff's pendent state law claims for infliction of·emotional distress." The federal court stated that "original jurisdiction does not exist for plaintiff's Title VII claim. Accordingly, the court declines to exercise supplemental jurisdiction over plaintiff's state law claim for the infliction of emotional distress." It concluded that the dismissal "is without prejudice to pursuit of any state law claims plaintiff may have in state court." Because, as we concluded above, Case No. A00–309–CV included claims of both negligent and intentional infliction of emotional distress and discrimination, and all of these claims were independently based on state law, the dismissal of DeNardo's Title VII claim did not affect these claims.

The parties compare and contrast claims under Title VII and AS 18.80. Because the federal court dismissed DeNardo's Title VII claim on jurisdictional grounds based on Calista's exemption from Title VII claims, dismissal of his Title VII claim does not preclude his AS 18.80 claim.[30]

DeNardo's complaint in the present lawsuit explicitly refers to the state anti-discrimination statute, AS 18.80. It also seeks damages for "emotional anxiety and distress" and "for the outrageous and bad faith conduct by defendants done with a reckless disregard and deliberate indifference to [DeNardo's] civil rights." Once again, because of our greater leniency toward pleadings of pro se litigants,[31] and because all of the claims are based on the same facts, we conclude that DeNardo's complaint in the present case alleges both discrimination and negligent and intentional infliction of emotional distress. As described above, neither the stipulation nor the federal court dismissal precluded these claims. We therefore conclude that it was error to hold that res judicata prevented DeNardo from pursuing the current action.[32]

as preserving all the claims therein encompasses his AS 18.80 claim.

**30.** *See Tru–Line,* 52 P.3d at 155.

**31.** *See supra* note 12.

**32.** DeNardo argues in passing that the Alaska Constitution entitles him to a jury determination of the meaning of his stipulation with Calista.

Article I, section 16 of the Alaska Constitution provides that "[i]n civil cases where the amount in controversy exceeds two hundred fifty dollars, the right of trial by a jury of twelve is preserved to the same extent as it existed at common law." But disputes over contract interpretation present questions of law. *See Peterson v. Ek,* 93 P.3d 458, 463 (Alaska 2004). As such, they are not submitted to a jury, which decides questions of

#### 4. Claim splitting

The doctrine against claim splitting prohibits "advancing one part of the claim in an initial suit and reserving the remaining parts for a later suit."[33] Because the present lawsuit raises only claims already raised in the first state action, DeNardo did not split his claim. It was therefore error to hold that the doctrine against claim splitting barred DeNardo's current action.

#### 5. Rescission of stipulation

DeNardo asserts that stipulations "can be rescinded in the interests of justice and to avoid a manifest injustice." The superior court denied DeNardo's motion to rescind the stipulation. DeNardo's brief does not assert that it was error to deny rescission and its terse reference to the issue is completely insufficient to demonstrate that it was an abuse of discretion to deny the request.[34]

### IV. CONCLUSION

For the foregoing reasons, we VACATE the order dismissing plaintiff's complaint in this lawsuit and REMAND for proceedings consistent with this opinion.

BRYNER, Chief Justice, dissenting.

BRYNER, Chief Justice, dissenting.

I disagree with the opinion's interpretation of the order dismissing DeNardo's state action and with its conclusion that the dismissal left DeNardo free to renew his state action after the federal court dismissed his federal action.

The crucial question here is the meaning of the superior court's order dismissing DeNardo's initial state action "with prejudice." The order incorporated the parties' stipulation, which agreed to dismiss DeNardo's state claims "against all defendants ... in their entirety with prejudice ... [without affecting] plaintiff's claims against Calista ... currently pending in the U.S. District Court for the District of Alaska." The meaning of the order and stipulation raise questions of law. Civil Rule 41(a)(1) presumes that a stipulated dismissal will be entered "without prejudice" but leaves it to the parties to supply a different meaning. Here the parties expressly agreed to a dismissal "with prejudice"; but the provision allowing further proceedings on DeNardo's federal claims make it obvious that they contemplated something narrower than the traditionally broad meaning of "with prejudice." Given these circumstances, I would take guidance from the somewhat narrower meaning usually given to a dismissal "on the merits" under Civil Rule 41(b)'s default provision. As we recently recognized, a dismissal with prejudice under the default provision of Rule 41(b) typically bars the claimant from refiling the same claims in the court that ordered the dismissal: " 'unlike a dismissal "without prejudice," the dismissal ... bar[s] refiling of the same claim in the [same court].' "[1]

Apart from being the usual meaning given to the term "with prejudice" in a dismissal order of this kind, this meaning comports with the express terms of the stipulation in this case, which unequivocally contemplated finally dismissing DeNardo's state-court action, while at the same time leaving DeNardo free to pursue his already pending federal action in federal court. The usual meaning similarly comports with Calista and ANI's understanding of the stipulation; more to the point, it also comports with DeNardo's own description of the stipulated dismissal's meaning.

The argument DeNardo actually advances here, as I see it, boils down to this: (1) his original state action only asserted tort claims

---

fact. The stipulation is a contract. DeNardo's argument is therefore without merit. Furthermore, our interpretation of the stipulation renders this argument irrelevant to future litigation in this case.

**33.** *McDowell v. State*, 23 P.3d 1165, 1166 (Alaska 2001); *see also Robertson v. Am. Mech., Inc.*, 54 P.3d 777, 780 (Alaska 2002).

**34.** *Wilkerson v. State, Dep't of Health & Soc. Servs., Div. of Family & Youth Servs.*, 993 P.2d 1018, 1021–22 (Alaska 1999); *Wren v. State*, 577 P.2d 235, 237 n. 2 (Alaska 1978).

**1.** *DeNardo v. Barrans*, 59 P.3d 266, 268–69 (Alaska 2002) (quoting *Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 506, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001)).

and did not include a statutory discrimination claim; (2) in stipulating to dismiss his original action, he simply meant to give up his state-court tort claims, while preserving his right to pursue his then-pending action in federal court, which included a statutory discrimination claim; and (3) once the federal court dismissed his discrimination claim "without prejudice," he was free to raise it in state court, because he had never raised it there before.

Thus, in presenting his own case, DeNardo essentially admits understanding that the stipulation precluded him from returning to state court with claims that he had already raised; he merely argues that the stipulation did not preclude him from filing new state claims. As already pointed out above, this is the usual meaning given to a dismissal with prejudice under Civil Rule 41(b)'s default provision. The only issue this meaning leaves open here is whether DeNardo's current discrimination claim is "a new claim" or part of "the same claim" he originally filed in the superior court.

DeNardo's argument on this point might have merit if he were correct in assuming that his discrimination claim could evade being barred merely because it relied on a new legal theory that he chose not to include in his original state complaint. But this assumption is legally flawed: his statutory discrimination claim arises from the same transaction as his original tort claims and could have been filed with those claims; so for purposes of determining the stipulated dismissal's preclusive effect, the claim-splitting doctrine requires us to treat the later discrimination claim as "the same claim"—as if DeNardo had actually included it in his original

nal state action.[2] Under DeNardo's own view of the stipulated dismissal's meaning, then, his new statutory discrimination claim is barred as a matter of law by the stipulated order dismissing his state claims.[3]

Today's opinion nonetheless comes to DeNardo's rescue by invoking the maxim that a pro se litigant's pleadings should be interpreted leniently. The opinion reads DeNardo's original state complaint as advancing an implied statutory discrimination claim, and concludes that his new discrimination claim consequently evades the claim-splitting doctrine; the opinion finds that the stipulation meant to allow DeNardo to return to state court with any claim then pending in his federal case; and it construes DeNardo's new state action as permissibly including both his discrimination claim and an implied IIED claim.

The trouble with this analysis is that it gives the stipulation a meaning that *neither party* has ever asserted, and it adopts a substantive legal theory that flatly conflicts with each aspect of the theory DeNardo actually argues here. Even though DeNardo's briefing repeatedly insists that he did not assert his current discrimination claim in his original state action, the opinion says that he is wrong—he did. Although DeNardo acknowledges that by stipulating to dismiss the original action he meant to abandon his right to pursue his state tort claims,[4] the opinion rejects his description of his own intentions and finds that the stipulations left him free to return to state court with any claim pending in his federal case, including his tort claim. And despite the facts that DeNardo's new state complaint omits the express IIED claim advanced in his earlier complaints and that

---

**2.** *See, e.g., McDowell v. State,* 23 P.3d 1165, 1166 (Alaska 2001).

**3.** And this holds true even though DeNardo might have mistakenly believed that the statutory claim would not be barred by the stipulated dismissal. For his mistaken belief would at most have amounted to a unilateral mistake of law, and, even viewing DeNardo's pleadings in the light most charitable to him, he has failed to allege any compelling justification that would excuse his ignorance of the law and justify the extraordinary remedy of relief from judgment on that ground under Civil Rule 60(b). DeNardo undeniably had a right to split the discrimination

claim from his original state claims and file it in federal court. But by electing to dismiss his state claims with prejudice, he consented to a judgment that, as a matter of law, barred all future state claims arising from the same transaction as the claims he originally filed. DeNardo's failure to understand the legal effects of his stipulation is a mistake of law, and because ANI did not share in this misunderstanding, it was a unilateral mistake of law.

**4.** As DeNardo put it during oral argument before this court when he summed up his intent in stipulating to the dismissal, "So, what I did is I just dismissed the state tort claims."

his appellate briefing omits any mention of an intent to pursue this tort claim, the opinion insists that DeNardo must have meant to pursue it, finding that an implied IIED claim lies embedded in his new state complaint.

In my view, this analysis improvidently expands the rule allowing courts to treat pro se litigants' pleadings leniently: until now, we have carefully confined this rule to situations in which courts need to relax technical pleading requirements to enable pro se litigants to make the substantive points they actually try to pursue.[5] Yet today's opinion vastly broadens the power of leniency toward pro se litigants by using it to assist DeNardo in prevailing on a substantive theory that he actively disavows. In my judgment, the court errs by giving DeNardo relief on unraised substantive grounds that stray so dramatically from the theories actually briefed.[6] I would affirm the superior court's ruling on the issues DeNardo actually argued.

Accordingly, I dissent.

---

5. *See, e.g., Gilbert v. Nina Plaza Condo Ass'n,* 64 P.3d 126, 129 (Alaska 2003).

6. At a minimum, I think that fundamental fairness should require that both parties be given advance notice of the court's proposed ruling and an opportunity to address it in supplemental briefs.